GILBERT M. BALLARD, ALONZO CREE, ET UX., FREDERICK OTTO, OSCAR W. SCHOEN, ADONIRAM FAIRCHILD, GEORGE C. GRIFFIN, LOUIS R. HATCH, FRED KALBERER, PAUL SIMSK, ET UX., JOSEPH VECCHIARINO, JOSEPH WEBBER

vs.

CITY OF DANBURY

Superior Court          Fairfield County          File Nos. 42770
42771, 42772, 42773, 45358, 45403,
45410, 45445, 45632, 45699, 45714.

Present:  Hon. ALFRED C. BALDWIN, Judge.

Lazarus S. Heyman,
Stanley P. Mead,
Benjamin Slade,                    Attorneys for the Plaintiffs.

Leonard J. McMahon,
William H. Comley,                 Attorneys for the Defendant.

MEMORANDUM FILED APRIL 20, 1936.

BALDWIN, J.  These cases were all tried together by consent of all parties. The trials began December 6, 1935 and were continued with but little interruption resulting in loss of time until they were concluded January 6, 1936. In the trial of these cases rather wide latitude was allowed in presenting evidence of plaintiffs' claims of pollution and odors causing nuisances of various kinds and damages resulting therefrom.

It was admitted by the City that it contributed to the pollution of the streams in question and that odors eminated therefrom and also from its sewer bed, filtration plant and dump. It was denied that the pollution contributed by the City to Still River was so material and serious a source of the nuisance resulting therefrom as claimed, and that the pollution to Still River was so material and serious a source of the nuisance resulting therefrom as claimed, and that the pollution of East Swamp Brook, or Beaver Brook, as sometimes called, and that the odors resulting from the various claimed sources, were as serious as claimed.

These were questions of facts, and for the jury to determine, under instructions as to the law. I have reviewed these instructions—they seem to me to have been correct.

The argument is advanced in discussion of these motions that the jury was prejudiced by the admission of evidence of expenditures by the City in providing means for disposal of its sewage problem. This evidence was admitted because the claim had been made, and many times argued and pressed with vigor, that the City, over a long period of years, had neglected, and was continuing to neglect its sewage problems. The jury was instructed that expenditure, no matter how great, was not a defense to any nuisance it caused; that this evidence was admitted not for the purpose of establishing a defense to these actions, but to meet this claim that the City was neglecting and had for years wholly neglected this problem.

It is further argued that the jury was not properly instructed as concerns pollution in Still River resulting from private sources. The jury was instructed that the City was not liable in damages for any pollution in the stream that came to the stream from and through private sources; that the City was liable for any material contribution it made to the pollution of the stream and the nuisance and damages resulting therefrom.

The jury considered its verdict for four and one-half hours. Three verdicts were returned for the defendant City. Circumstances disclosed in the evidence in these three cases provided ample basis for each of these verdicts. In the other eight cases damages were awarded to the plaintiffs, respectively.

The results attained in the trial of these eleven cases, as shown by the several verdicts, reflected a most careful consdration by the jury of all of the conditions disclosed in the evidence and of the instructions of the Court.

Claim is made that the jury were prejudiced and that the damages awarded were inadequate. I can find nothing that suggests a basis for either of these claims. The jury took ample time for careful consideration of the evidence and the claims thereon and instructions relating thereto. My observation of the jury throughout the trial; the interest and attention it gave to the proceedings, the time it took in consideration of the several verdicts and the results it found, reflected highly intelligent consideration of all aspects of the several cases and exceptionally accurate and just results.

I was and am in most hearty accord with the action of the jury.

The motions to set aside the verdicts are each denied.