[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: #120 MOTION TO STRIKE REVISED SPECIAL DEFENSE OF DEFENDANTS WIRTALLA AND ITALIAN BENEFIT SOCIETY, INC.
The plaintiff, David Benton, filed this four count action against the defendants, Robert Munn, d/b/a Munn's Pub ["Munn"], Carla Wirtalla ["Wirtalla"] and the Italian Benefit Society, Inc. ["IBS"], seeking damages for injuries that he sustained as a result of a motor vehicle accident in which he had been a passenger in a car driven by Gregory Targonsky, who is not a party to this action. The plaintiff claims that the defendant sold Targonsky alcoholic liquor while he was intoxicated when he was a customer at Munn's Pub and the IBS. The first two counts of the revised complaint dated February 4, 1991 are directed to Munn and allege a cause of action pursuant to the Dram Shop Act, Conn. Gen. Stat. Sec. 30-102, in the first count and wanton and reckless conduct in the second count. The third and fourth counts allege the same causes of action, respectively, against IBS and its permittee, Wirtalla.
The defendants filed answers and special defenses. IBS and Wirtalla filed a defense of assumption of the risk which was stricken by this court by order dated April 18, 1991. Munn filed two special defenses; the first alleged negligence on the part of the plaintiff for riding in the car with Targonsky when he knew or should have known that Targonsky was intoxicated, and the second alleged a participation CT Page 8661 defense. The plaintiff filed a motion to strike Munn's first special defense, which was granted by this court by order dated May 9, 1991, and filed a separate request to revise the second special defense, which was denied by this court by order dated June 14, 1991.
Also by orders dated June 14, 1991, this court vacated its orders of April 18, 1991 and May 9, 1991 regarding the two motions to strike, after counsel raised questions at oral argument on the plaintiff's request to revise regarding the case cited by the court in its orders. Because the court had erroneously cited the case of Cookinham v. Sullivan, 23 Conn. Sup. 193
(Super.Ct. 1962), in support of its orders granting the two motions to strike, the court issued new orders dated June 14, 1991, which cited the correct cases in support of its decisions granting the two motions to strike. In its new order again granting the plaintiff's motion to strike the assumption of the risk defense of IBS and Wirtalla, the court stated that "[a]ssumption of the risk is not a defense to a claim under the Dram Shop Act by a passenger." The court cited Archambault v. Pascual, 3 CTLR 47 (December 19, 1990, McDonald, J.), and Passini v. Decker 39 Conn. Sup. 20, 22
(Super.Ct. 1983), in support of its decision. In its new order again granting the plaintiff's motion to strike Munn's first special defense, the court stated that "[c]ontributory or comparative negligence is not a valid defense in a Dram Shop Act suit." The court cited Sanders v. Officers Club of Connecticut, Inc., 196 Conn. 341, 352 (1985) and Zucker v. Vogt, 329 F.2d 426, 429-30 (2d. Cir. 1964), in support of its decision.
In the interim, however, IBS and Wirtalla filed, on May 16, 1991, a revised special defense which again alleged assumption of the risk, tailored to conform to the defense permitted in Cookinham, which this court had inadvertently cited in its order of April 18, 1991. By papers filed May 22, 1991 the plaintiff has moved to strike the revised special defense on the ground that the same defense had previously been stricken by the court. IBS and Wirtalla filed a memorandum of law in opposition to the plaintiff's motion to strike on June 12, 1991.
DISCUSSION
A motion to strike challenges the legal sufficiency of a pleading to state a claim upon which relief can be granted. Conn. Practice Book Sec. 152; see Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). A motion to strike is the proper vehicle for contesting the legal sufficiency of a special defense. Conn. Practice Book Sec. 152(5). CT Page 8662
A motion to strike admits all facts well pleaded. Ferryman v. Groton, 212 Conn. 138, 142 (1989). The court is limited to the facts alleged in the pleading which is the subject of the motion to strike; Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988); and the court must view those facts in the light most favorable to the pleader. Ferryman, 212 Conn. at 146. To the extent that the defendants' memorandum in opposition to the motion to strike imparts facts or evidence outside of the pleadings (see Defendants' Memorandum, pp. 2-3), those facts will not be considered by this court in ruling upon the motion to strike. See Fraser v. Henninger, 173 Conn. 52, 60-61 (1977).
The revised special defense filed by IBS and Wirtalla alleges that,
 [t]he plaintiff, without due regard for his own personal safety and welfare, willingly joined, participated and contributed to the supplying of alcoholic liquor to Gregory Targonsky and thereafter, rode as a passenger in an automobile operated by this alleged intoxicated person when he knew or should have known that the operator was intoxicated. Therefore, the plaintiff assumed the risk of riding in an automobile operated by an intoxicated person and is not an innocent person entitled to recover.
There is currently a split of authority at the superior court level on the issues of whether assumption of the risk and participation are valid defenses to an action brought pursuant to the Dram Shop Act. See Jipson v. Gabarro, 2 CSCR 285, 286 (January 12, 1987, Lavery, J.). The issue of the validity of such defenses in a Dram Shop Act suit has not been addressed by the Appellate or Supreme Court. Jipson, 2 CSCR at 286.
"Dram shop statutes impose strict liability, without negligence, upon the seller." Passini v. Decker,39 Conn. Sup. 20, 21 (Super Ct. 1983), quoting Sanders v. Officers Club of Connecticut, Inc., 35 Conn. Sup. 91, 95 (1978), aff'd, 196 Conn. 341 (1985). The Dram Shop Act does not expressly limit recovery to "innocent" third parties, nor does it specifically exclude drinking companions or so-called participants. Passini, 39 Conn. Sup. at 22.
 The purpose of the statute is to protect the public at large from tortious conduct committed by an intoxicated person who is served intoxicating CT Page 8663 liquor by a tavern owner while in an intoxicated state. . . . A third party who accompanies an intoxicated driver is a member of the public at large and is a protected party within the purview of the statute. Courts may not, by construction, read into a statute provisions not clearly expressed therein.
Passini 39 Conn. Sup. at 23 (citations omitted.).
An assumption of the risk defense "is not applicable to a statutory violation when the statute was enacted to create an obligation to the public at large." Passini,39 Conn. Sup. at 26, citing L'Heureux v. Hurley, 117 Conn. 347, 355-58
(1933); see Archambault v. Pascual, 3 CTLR 47 (December 19, 1990, McDonald, J.); Thibodeau v. Oakes, 3 CSCR 461, 462 (May 4, 1988, Aronson, J.); Jipson, 2 CSCR at 286. The Dram Shop Act is clearly such a statute. Passini, 39 Conn. Sup. at 26. The court stands by its original ruling and the plaintiff's motion to strike is granted. To the extent that the revised special defense includes any type of participation, contribution or comparative negligence defenses (See Defendant's Memorandum, pp. 2, 4, 7), the court finds, consistent with its earlier rulings in this case, that such defenses are also legally insufficient for the reasons set forth in Passini, 39 Conn. Sup. at 22-25, Thibodeaux,3 CSCR at 462, and Jipson, 2 CSCR at 285-86 (motions to strike participation defenses granted), and Sanders,196 Conn. at 352 (contributory negligence not a valid defense to a Dram Shop Act suit).
CONCLUSION
The plaintiff's motion to strike the revised special defense is granted.
Hon. Philip Dunn Superior Court Judge CT Page 8664
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 8665
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 8666
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 8667