CHRISTOPHER F. CASEY, ADMINISTRATOR (ESTATE OF MARY E. J. CASEY) *v.* EDITH A. ATWATER

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 93961
AT NEW HAVEN

Memorandum filed December 20, 1960

*Bernard P. Kopkind,* of New Haven, for the plaintiff.

*Sachs, Sachs, Giaimo & Sachs,* of New Haven, and *Cornelius T. Driscoll,* of Branford, for the defendant.

MACDONALD, J. One of the paragraphs of the complaint alleging that the plaintiff's decedent died from injuries caused by the negligent operation by defendant of an automobile in which the plaintiff's decedent was riding as a passenger states that defendant was negligent "in that she (defendant) partook of some whiskey before said accident which affected her ability to properly drive and control said automobile." Defendant, in her answer, has set up the two special defenses of contributory negligence and assumption of risk, respectively, to the second of which plaintiff has demurred on the ground that it admits a breach by defendant of a statutory duty, i.e., that imposed by § 14-227 of the General Statutes, pertaining to operation of a motor vehicle while under the influence of intoxicating

liquor, and that assumption of risk is not a defense where the injury arose from the breach by defendant of a statutory duty.

In support of his demurrer, plaintiff relies upon the case of *L'Heureux* v. *Hurley,* 117 Conn. 347, involving injuries sustained by a tenant claimed to have been caused by a defective condition which involved a breach of a statutory duty imposed upon the landlord. Our Supreme Court sustained as correct a charge by the trial court that "the principle of assumption of risk had no application to this case," holding that the obligation of the defendants to keep a hall and staircase lighted was a public obligation created by statute which could not be waived by plaintiff by an assumption of the risk based upon knowledge and user. Id., 358, 356. A recent decision to the same effect is found in *Rio* v. *Rio,* 22 Conn. Sup. 181, and it is difficult to see why the principle set forth in those decisions is not controlling in the instant case.

Defendant seeks to distinguish the *L'Heureux* case, supra, by citing that part of the court's opinion (p. 356) which states that "[o]ne cannot waive an obligation owed by another to the *public.* The obligation of the defendants here in question was a *public* obligation created by statute and could not be waived by the plaintiff . . ." (italics supplied). Defendant then states in her brief that "in cases involving the intoxication of a driver we are not dealing with a breach of a public duty, but rather a personal obligation." This, it would appear rather obvious, is not a valid argument. The statute prohibiting drunken driving is every bit as much aimed at the protection of the public as a statute or ordinance requiring the lighting of stairways in tenements, and it is difficult to see how it can be argued that defendant's obligation not to operate a motor vehicle while under the influence was a "personal

obligation" rather than a public one. See authorities collected in Conn. Gen. Stat. Ann. § 14-227.

The case of *Zullo* v. *Zullo*, 138 Conn. 712, and other cases related thereto cited by defendant do not negative the application of the rule of the *L'Heureux* case, supra, to the present set of facts. The specific facts involved in *Zullo* v. *Zullo*, supra, led the court to state (p. 716): "It was past midnight, the plaintiff was some distance from home with a husband who was at least quarrelsome and arbitrary. We cannot say as a matter of law that the plaintiff was guilty of contributory negligence or assumed the risk of the trip when she entered his car." It does not follow from this decision that defendant can, as a matter of law, plead a special defense of assumption of risk based upon her own breach of the statutory obligation not to operate a motor vehicle while under the influence of liquor.

The demurrer to the defendant's second special defense is sustained.