PRISCILLA A. COOKINHAM, ADMINISTRATRIX (ESTATE OF FRANCIS W. COOKINHAM), ET AL. *v.* JOHN L. SULLIVAN

SUPERIOR COURT    NEW LONDON COUNTY    FILE No. 27247

Memorandum filed January 3, 1962

*Keogh & Candee,* of Norwalk, for the plaintiffs.

*Suisman, Shapiro & Wool,* of New London, for the defendant.

CovELLO, J.   This is an action brought under
§ 30-102 of the General Statutes, known as the
Dram Shop Act, to recover damages for personal
injuries to one plaintiff and for the death of the
named plaintiff's decedent.   The complaint is in
two counts.   The first count alleges that on July 20,
1960, the defendant operated a restaurant in
Groton; that on that day the defendant served in-
toxicating liquor to one Allan R. Ueckert, Jr., an
intoxicated person; that by reason of such intoxica-
tion Ueckert, while driving his automobile on route
12 in Ledyard, drove his car into a bridge abutment;
and that the decedent, who was a passenger in
Ueckert's car, received injuries from which he died.
The second count contains the same allegations as
the first count but alleges personal injuries to the
plaintiff Paul E. Seely.   In his answer to the first
count, the defendant sets up a special defense in
which he alleges that the decedent joined in, par-
ticipated in and contributed to the supplying of
alcoholic liquor to Allan R. Ueckert, Jr., and the
consuming of it, and thereafter voluntarily and
willingly rode with Ueckert as a passenger in the
automobile driven by him; that the decedent thereby
failed to exercise due care for his own safety and
by virtue of these activities was not an innocent
party; and that his administratrix, the named plain-
tiff, is thereby barred and not entitled to any re-
covery. A similar defense is addressed to the second
count.   The plaintiffs have demurred to the special
defenses on the ground that contributory negligence
is not a defense to the action sued upon, nor is the
fact that the decedent and the plaintiff Seely volun-
tarily and willingly rode with Ueckert a defense
to it.

The court has found no case in this state deter-
mining the question whether contributory negli-
gence is a defense to an action brought under

§ 30-102 of the General Statutes. There is, however, sound authority to the effect that contributory negligence cannot be asserted as a defense to an action brought under dram shop acts similar to ours. 30 Am. Jur. 836, § 546; 48 C.J.S. 724, § 446; *Taylor* v. *Hughes,* 17 Ill. App. 2d 138, 146. This is based on the theory that such actions are not predicated upon tortious acts of the defendant but rather they are actions to recover damages for violation of a statute. The question raised by the special defenses in this case is not whether the acts of the decedent and the plaintiff Seely were contributory in the sense in which contributory negligence is applied to actions based on negligence. The plaintiffs' cause of action is based upon a statute which gives rise to a cause of action which did not exist at common law. *Pierce* v. *Albanese,* 144 Conn. 241, 249. The special defenses to the two counts allege that the decedent and the plaintiff Seely joined, participated and contributed to the supplying of alcoholic liquor to Allan R. Ueckert, Jr., and to the consuming of it, and thereafter willingly rode with him; that they were not innocent parties; and that the plaintiffs are not entitled to recover. The allegations of the special defenses raise the question as to whether a person who joins and participates in or contributes to the violation of § 30-102 may maintain an action to recover damages for injuries sustained by him as a result of the violation.

Section 30-102, as amended by Public Acts 1959, No. 631, provided that if any person sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller shall pay just damages to such injured person up to the amount of $25,000. The obvious purpose of this statute is to aid the enforcement of § 30-86 of the General Statutes, which pro-

hibits the sale of intoxicating liquor to minors and intoxicated persons, and to protect the public. While it may be said that in one sense the statute is penal, it is primarily remedial because it gives a remedy to an individual enforceable in a civil action and allows the recovery of damages in an amount commensurate with the injuries suffered, not exceeding $25,000. *Pierce* v. *Albanese,* supra. It cannot be said that the statute contemplates giving a remedy to one who joins and participates in and contributes to the violation of it. In an analogous situation, it has been held, in *James* v. *Wicker,* 309 Ill. App. 397, 402, and *Taylor* v. *Hughes,* supra, 143, that under the Illinois Dram Shop Act a person who participates in procuring the intoxication of the person who commits the act about which complaint is made cannot recover.

Under the allegations of the special defenses, the defendant may prove that the decedent and the plaintiff Seely joined and participated in and contributed to the very act which constituted the violation of § 30-102 alleged in the complaint. Upon such proof, the plaintiffs would be barred of recovery.

The demurrer is overruled.