DEBRA PASSINI *v.* DEBRA A. DECKER ET AL.

| SUPERIOR COURT | JUDICIAL DISTRICT OF LITCHFIELD | FILE No. 036061 |

Memorandum filed September 30, 1983

*Eddy & Renzullo,* for the plaintiff.

*Debra A. Decker,* pro se, the named defendant.

*Hoberman, Pollack & Roseman,* for the defendant Margaret Calder.

PICKETT, J. The plaintiff, Debra Passini, brought this action against the defendants, Debra A. Decker and Margaret Calder, to recover damages for injuries sustained on March 5, 1982, as a result of a one car auto-

mobile accident. At the time in question, the plaintiff was a passenger in the Decker car and she claims not only negligence of the operator but liability of Margaret Calder under the Connecticut Dram Shop Act. General Statutes § 30-102. This defendant has filed the defense of voluntary participation as well as assumption of risk which the plaintiff moves to strike.

I

The first special defense states that "[a]ny alcohol consumed by Debra Decker on the day in question at the premises of Yesterday's Cafe was done in the company of Debra Passini who contributed to the supplying of alcoholic beverages, or who encouraged, facilitated or participated in the consumption of said beverages with Debra Decker and the plaintiff is, therefore, not entitled to recover any damages under the provisions of § 30-102 of the Connecticut General Statutes."

A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action. Practice Book § 152 (5); *Nowak* v. *Nowak,* 175 Conn. 112, 116, 394 A.2d 716 (1978). The motion admits all well pleaded facts. *Tango* v. *New Haven,* 173 Conn. 203, 205, 377 A.2d 284 (1977). The facts admitted are construed in a light most favorable to the pleader. *Amodio* v. *Cunningham,* 182 Conn. 80, 82, 438 A.2d 6 (1980).

The Connecticut Dram Shop Act states in pertinent part: "If any person, by himself or his agent, sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller shall pay just damages to the person injured . . . ." General Statutes § 30-102.

"Dram Shop Statutes impose strict liability, without negligence, upon the seller." *Sanders* v. *Officers' Club of Connecticut, Inc.,* 35 Conn. Sup. 91, 95, 397 A.2d 122

(1978), quoting Prosser, Torts (4th Ed.) § 81, p. 538. All that need be established to recover under the Dram Shop Act is "that there was (1) a sale of intoxicating liquor (2) to an intoxicated person (3) who, in consequence of such intoxication, causes injury to the person or property of another." *Nelson* v. *Steffens,* 170 Conn. 356, 360, 365 A.2d 1174 (1976); *Sanders* v. *Officers' Club of Connecticut, Inc.,* supra, 93. The Dram Shop Act does not expressly limit recovery to "innocent" third parties nor does it specifically exclude drinking companions or so-called participants.

The defendant Calder's first special defense seeks to bar the plaintiff from recovery under the Dram Shop Act because the plaintiff "participated" in the defendant Decker's intoxication by consuming alcohol with her. The defendant's argument is that the act was only intended to protect "innocent" third parties from injuries sustained from intoxicated persons, not those who participate in the consuming of alcohol with intoxicated persons and who are later injured by them.

No Supreme Court decisions have addressed the issue of the "participation" defense to a Dram Shop Act action. A majority of reported Superior Court decisions have allowed the defense. *Cookinham* v. *Sullivan,* 23 Conn. Sup. 193, 179 A.2d 840 (1962).

The majority of Superior Court cases have followed *Cookinham* which held that "[i]t cannot be said that the statute [Dram Shop Act] contemplates giving a remedy to one who joins and participates in and contributes to the violation of it." The *Cookinham* court, citing an Illinois case, stated that one who actively procures the intoxication of another who commits a tortious act may not recover from the bar owner.

Where the meaning of the statute is clear and the language unambiguous, the enactment speaks for itself and there is no room for construction by the court. *Con-*

*necticut State Board of Labor Relations* v. *Board of Education,* 177 Conn. 68, 73, 411 A.2d 28 (1979); *Johnson* v. *Personnel Appeal Board,* 174 Conn. 519, 521–22, 391 A.2d 168 (1978). A statute should not be interpreted in any way to thwart its purpose. *Frazier* v. *Manson,* 176 Conn. 638, 644, 410 A.2d 475 (1979); *Mystic Marinelife Aquarium, Inc.* v. *Gill,* 175 Conn. 483, 489, 400 A.2d 726 (1978). The purpose of the statute is to protect the public at large from tortious conduct committed by an intoxicated person who was served intoxicating liquor by a tavern owner while in an intoxicated state. *Sanders* v. *Officers' Club of Connecticut, Inc.,* supra; *Cookinham* v. *Sullivan,* supra. A third party who accompanies an intoxicated driver is a member of the public at large and is a protected party within the purview of the statute. To hold otherwise would be to thwart the purpose of the statute. Courts may not, by construction, read into a statute provisions not clearly expressed therein. *Gomeau* v. *Forrest,* 176 Conn. 523, 527, 409 A.2d 1006 (1979); *Anderson* v. *Ludgin,* 175 Conn. 545, 553, 400 A.2d 712 (1978); *Galullo* v. *Waterbury,* 175 Conn. 182, 186, 397 A.2d 103 (1978).

Courts also are not privileged to substitute their own ideas of preferences for what might be a better provision in place of the clear expression of the legislature. *Frazier* v. *Manson,* supra; *Galullo* v. *Waterbury,* supra. A statute, therefore, should be applied as its language directs. *Frazier* v. *Manson,* supra.

"[W]here the meaning of a statute is plain and unambiguous the enactment speaks for itself and there is no occasion to construe it. This is consonant with the legislative intent which is found not in what the legislature meant to say, but in the meaning of what it did say." *Frazier* v. *Manson,* supra. A plain reading of the statute indicates no legislative intent to limit recovery to "innocent" third parties. If the legislature intended

so to limit the statute, it would have been easy so to provide by including the intoxicated person himself within the ambit of the act if it desired to do so. *See Nolan* v. *Morelli*, 154 Conn. 432, 438–39, 226 A.2d 383 (1967).

Furthermore, the public policy underlying the Dram Shop Act supports the conclusion that "participation" should not be allowed as a defense to an action under the statute. At common law, no cause of action arose in negligence against one who sold or gave liquor to an intoxicated person who injured the person or property of another as a result of that intoxication. *Slicer* v. *Quigley*, 180 Conn. 252, 255, 429 A.2d 855 (1980). The Dram Shop Act was enacted to overcome this harsh common law rule. *Nolan* v. *Morelli, supra.*

The legislature, in enacting the Dram Shop Act, sought to hold a vendor of intoxicating liquor strictly liable for the damages caused by an intoxicated person who had been sold liquor. *Sanders* v. *Officers' Club of Connecticut, Inc., supra.* The legislature also sought to aid in the enforcement of General Statutes § 30-86, which prohibits the sale of intoxicating liquor to intoxicated persons, by providing an enforceable civil remedy against vendors of liquor. *Cookinham* v. *Sullivan, supra,* 195–96. "This reflects a strong public policy favoring the imposition of liability upon vendors who sell goods possessing considerable risk to the public at large regardless of reasonable care on behalf of the vendor, in this case the sale of alcohol to an intoxicated person." *Sanders* v. *Officers' Club of Connecticut, Inc., supra,* 93.

A successful participation defense, if allowed, would bar recovery from a vendor of liquor who made sales to intoxicated persons who later caused damages to the person or property of others. The legislature has determined that a vendor of liquor should bear the loss for damages to third persons as a result of sales of liquor

to intoxicated persons. The statute imposes liability upon sellers of liquor to intoxicated persons. The legislature made such a determination to deter a vendor from selling liquor to those who are intoxicated. To allow a defense of "participation" by a vendor would defeat by judicial amendment this legislative purpose in enacting the statute.

Those decisions allowing a "participation" defense rely upon the rationale that as a participant in the consumption of alcohol with the intoxicated person, the participant is not "innocent" of the intoxication of the intoxicated person, and thus is not entitled to relief from the act. See *Cookinham* v. *Sullivan,* supra. This rationale fails to recognize that the participant would not be able to "participate" in the consumption of alcohol with the intoxicated person without the vendor selling him or her the alcohol being consumed. The legislature has placed the onus on the *vendor* for selling alcohol to intoxicated persons, not on any participant in the consumption of the alcohol. Reading a requirement of "innocence" into the statute does not comport with the public policy prompting its passage or its express language.

For the foregoing reasons, the plaintiff's motion to strike the first special defense is granted.

## II

The defendant Margaret Calder has filed a second special defense as follows:

*"Second Special Defense.*

"(1) Any alcohol consumed by Debra Decker on the day in question at the premises of Yesterday's Cafe was done in the company of Debra Passini, who contributed to the supplying of alcoholic beverages, or who encouraged, facilitated or participated in the consumption of said beverages with Debra Decker.

"(2) Thereafter, Debra Passini, without due regard for her personal safety and welfare, willingly rode as a passenger in an automobile operated by the said Debra Decker, if in fact Debra Decker was the operator of the automobile in question.

"(3) Thus, the said Debra Passini assumed all of the risk of riding with the defendant, Debra Decker, under the circumstances that existed, and the risk so assumed by Debra Passini was the proximate cause of any injuries, losses and damages allegedly suffered by her.

"(4) The said Debra Passini, under the circumstances and condition that existed at said time and place, was not an innocent party, and as such is not entitled to recover under the provisions of § 30-102 of the Connecticut General Statutes."

This special defense is that the plaintiff voluntarily assumed the risk of any injury received by riding with a person she knew to be intoxicated. "The defense of assumption of the risk is applicable when a person knows or as a reasonable person should know that in pursuing a certain course he will expose himself to the risk of injury, comprehends or ought as a reasonable person to comprehend the nature and extent of the risk and voluntarily subjects himself to it." *Nally* v. *Charbonneau,* 169 Conn. 50, 53, 362 A.2d 494 (1975). The effect of a successful assumption of risk defense is to bar the plaintiff from any recovery. Id.; *Levett* v. *Etkind,* 158 Conn. 567, 577, 265 A.2d 70 (1969).

Assumption of risk, however, is not applicable to a statutory violation when the statute was enacted to create an obligation to the public at large. *L'Heureux* v. *Hurley,* 117 Conn. 347, 355–58, 168 A. 8 (1933); *Casey* v. *Atwater,* 22 Conn. Sup. 225, 226, 167 A.2d 250 (1960); see Prosser, Torts (4th Ed.) § 68, pp. 453–54. The Dram Shop Act clearly is such a statute. See *Sanders* v. *Officers' Club of Connecticut, Inc.,* supra.

The defense of assumption of risk has been abolished in all negligence actions by General Statutes § 52-572h (c). Accordingly, it is not available to the defendant Debra A. Decker, the operator of the vehicle in which the plaintiff was riding.[1]

For the reasons set forth, the motion to strike the second special defense is also granted.

---

[1] Although not raised by either defendant, there is a question as to whether these actions are properly found in one complaint. See *Pierce* v. *Albanese,* 144 Conn. 241, 261, 129 A.2d 606 (1957).