[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The complaint alleges that on July 29, 1989, the plaintiff Dawn Archambault (ARchambault) was a passenger in a vehicle driven by Mark B. Pekrul (Pekrul). Archambault claims to have been injured when Pekrul drove the vehicle off the travelled portion of the road. It is alleged that prior to the accident the defendants, Arlene and Matthew Pascual (Pascual) sold liquor to Pekrul while he was intoxicated. As a result of this alleged conduct, the plaintiff brings this action pursuant to the Dram Shop Act, Connecticut General Statutes 30-102.
The plaintiff has moved to strike the defendants' special defenses of participation, assumption of the risk, and set-off. CT Page 4938
The majority of superior court decisions have allowed a participation defense in cases brought pursuant to the Dram Shop Act. DiChello v. The Dean's Office Cafe, 4 CSCR 134 (December 21, 1988, Reynolds, J.); Chaco v. Dorst, 1 CSCR 122 (January 31, 1986, Curran, J.); Cookingham v. Sullivan, 23 Conn. Sup, 193 (1962). These cases rely upon the reasoning expressed in Cookingham which concluded that a participation defense is allowable because the statute did not contemplate "giving a remedy to one who joins and participates in and contributes to a violation of the act." Cookingham, 23 Conn. Sup. at 195. Other cases have held otherwise, see Passini v. Decker, 39 Conn. Sup. 20 (1983). The decision in Passini emphasized that the Dram Shop Act does not expressly limit recovery to "innocent" persons nor does it specifically exclude drinking companions or so-called participants. Passini, 39 Conn. Sup. at 22. While it might be true that a third party who accompanies an intoxicated driver is a member of the public at large and is a protected party within the purview of the statute, the first special defense alleges, an it must be here presumed, that the plaintiff herself supplied liquor to Pekrul. Although the statute demonstrates no legislative intent to limit recovery to "innocent" third parties, Id. at 23, the statute may not be read to grant a remedy to one whose actions made the violation of the act possible by himself giving the intoxicated person liquor.
Accordingly, the court denied the motion to strike the first special defense. II
The plaintiff also seeks to strike the second special defense of assumption of risk. Assumption of the risk is not applicable to a statutory violation when the statute was enacted to protect the public at large. L'Heureux v. Hurley, 117 Conn. 347, 355-58 (1933); Passini,39 Conn. Sup. at 26. The Dram Shop Act is such a statute. Passini,39 Conn. Sup. at 26. Accordingly, the second special defense is stricken.
 III
The plaintiff seeks to strike the third special defense of set-off for any monies received from Pekrul on account of the plaintiff's injuries. In order to have the benefit of a right of set-off a defendant must affirmatively raise his claim in the pleadings. Peters Production, Inc. v. Dawson, 182 Conn. 526, 528 (1980); Conn. Practice Bk. 168. However, the set-off here may only be considered after a verdict is returned in favor of the plaintiff and only by the court.
Furthermore, a set-off is a debt independent of the action sued on, and generally must be due and payable to be efficiently pleaded. Savings Bank of New London v. Santaniello, 130 Conn. 206. The defendants have not pled the elements of a set-off as contemplated by Section 168 of the Practice Book as of now. When and if the plaintiff in fact receives any payment from Pekrul, contemplated by Section 52-216a of the General Statutes, the defendants may not be precluded from raising CT Page 4939 that to the trial judge after the jury has reached its verdict. See Jipson v. Gabarro, (J.D. Danbury, 1987), 2 Conn. Sup. 286, 287-8.
Accordingly, without prejudice to informing the trial judge of such after a verdict is rendered, the motion to strike the third special defense is granted.
McDONALD, J.