[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SPECIAL DEFENSE
The plaintiff, People's Bank ("People's"), alleges that on June 12, 1985, the defendant Dorothy Smulley, ("Smulley"), signed a People's Bank Credit Card application for a combined Visa and Mastercard account. Thereafter, the plaintiff issued Smulley account number 4116 0704 0041 1258. As of May 10, 1992, Smulley had incurred a credit balance in the amount of $1883.52. Smulley failed to maintain payments in accordance with the credit card agreement and made her last payment on September 6, 1990 according to the plaintiff's complaint.
On May 14, 1991, the plaintiff filed a complaint and application for a prejudgment remedy against Smulley, which the court, Thim J., granted on June 4, 1991. On July 17, 1991, the plaintiff filed a CT Page 10447 demand for disclosure of defense or judgment pursuant to Practice Book section 236. On July 23, 1991, the defendant filed a disclosure of defense. Subsequently, on September 10, 1991, the defendant filed an answer and asserted as a special defense violations of the Fair Credit Billing Act and requested a set-off. In addition, she brought a counterclaim against People's alleging violations of CUTPA.
People's filed a motion to strike the defendant's special defense and counterclaim together with a memorandum of law in support of its motion. The plaintiff filed the motion on the grounds that (1) the special defense fails to allege all of the essential elements necessary to trigger the provisions of the Fair Credit Billing Act; (2) CUTPA does not apply to banking institutions; and (3) banking institutions are exempted from CUTPA pursuant to General Statutes section 42-110c. On July 8, 1992, the defendant filed a memorandum of law in opposition to the March 9 motion to strike.
A motion to strike may be used to test the legal sufficiency of a complaint or any count therein to state a claim upon which relief can be granted. Practice Book sec. 152(1); see also Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). Furthermore, the motion to strike is the proper vehicle to challenge the "legal sufficiency of any answer to any complaint, counterclaim or cross-claim, or any part of that answer including any special defense contained therein. . . ." Practice Book sec. 152(5); see also Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 691 (1983). All well pleaded facts in a contested pleading are deemed admitted, and should be construed in a light most favorable to the non-moving party. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). When considering a motion to strike "`[t]he allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; and if facts provable under the allegations would support a defense or a cause of action, the. . . [motion to strike] must fail.'" (Citations omitted.) Ferryman v. Groton, supra.
AS TO THE SPECIAL DEFENSE
The plaintiff moves to strike the special defense as legally insufficient because the defendant has failed to allege all of the essential elements necessary to trigger the provisions of the Fair Credit Billing Act. "[The] Fair Credit Billing Act seeks to prescribe an orderly procedure for identifying and resolving disputes between CT Page 10448 a cardholder and a card issuer as to the amount due at any given time." Gray v. American Express Co., 743 F.2d 10, 13 (D.C. Cir. 1984). The Act requires that a cardholder who believes that a statement of the cardholder's account contains a billing error, must, within sixty (60) days of the issuance of the statement, send the creditor a written notice:
 (1) setting forth or otherwise enabling the creditor to identify the name and account number of the cardholder;
 (2) indicating the belief that there is an error and the amount of the error; and
 (3) the reasons, to the extent applicable, supporting his belief that an error has been made.
15 U.S.C. § 1666 (a). See American Express Co. v. Koerner,452 U.S. 233, 234-36 (1981). The provisions of the Fair Credit Billing Act are not triggered where the cardholder fails to comply with the notice requirements. Gray, supra, 14-15.
The defendant's special defense alleges that the defendant, within sixty (60) days of receiving a statement of her account, sent People's written notification identifying herself and the account number and indicating that the amount set forth in the statement was inaccurate and that there was a billing error. The defendant, in her answer, has sufficiently alleged the first two requirements of section 1666(a). However, she has not alleged that the notice stated the reasons, to the extent applicable, supporting her belief that an error was made. Since she has failed to adequately allege the third requirement of section 1666(a) the motion to strike the special defense is granted.
AS TO THE COUNTERCLAIM
The plaintiff moves to strike the counterclaim on two grounds. The first is that CUTPA does not apply to banking institutions.
CUTPA is a remedial statute and must be construed liberally to effectuate its public policy objectives. Web Press Services Corp. v. New London Motors, Inc., 203 Conn. 342, 354, 525 A.2d 57 (1987). General Statutes section 42-110b(a) provides, in pertinent part, "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." A "person" is defined as "a natural person, corporation, CT Page 10449 trust, partnership, incorporated or unincorporated association, and any other legal entity. . . ." General Statutes section 42-110a(3) "Trade" and "Commerce" are defined as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." General Statutes section 42-110a(4).
"There is a split of authority, however, among the Superior Court decisions, and a majority of the cases hold that CUTPA does apply to banks.: (Citations omitted.) Andrus v. North American Bank,3 Conn. L. Rptr. 434, 435 (April 3, 1991, Fuller, J.) "While the numbers game is not controlling, the reasoning in the cases holding that CUTPA applies to banks is more persuasive. . . ." Id. Those cases holding that banks are subject to CUTPA generally reason
 that the language of the statute favors liberal construction (section 42-110b(d); that the activities intended for exemption are specifically enumerated (section 42-110c); that it is possible "to find methods, acts or practices not heretofore specifically declared unlawful by the FTC or the federal courts to be prohibited by the CUTPA." Wilson v. Fireman's Fund Ins. Co., 40 Conn. Sup. 336, 338 (1985); that the holding of Mead v. Burns, 199 Conn. 651 (1986) (insurance companies are subject to CUTPA. . .) may be analogized to the banking industry; and that the public policy underlying CUTPA (protection of the state's citizens from unscrupulous business practices) may not be fully realized by reposing all authority over banking activities in regulatory bodies.
Financial Federal Savings Bank v. Breen, 2 Conn. L. Rptr. 665, 666-67 (October 31, 1990, Freed, J.). The Court adopts the majority view and holds that CUTPA does apply to banks.
Secondly, the plaintiff asserts that, even if CUTPA applies to banking institutions, banks are exempted from CUTPA pursuant to General Statutes section 42-110c. That section provides, in pertinent part, that "[n]othing in this chapter shall apply to (1) [t]ransactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the state or of the United States. "
The plaintiff argues that Connelly v. Housing Authority, 213 Conn. 354, CT Page 10450567 A.2d 1212 (1990), "mandates a finding that a bank is exempted from liability under CUTPA with respect to its banking activity." (Plaintiff's Memorandum in Support of Motion to Strike, p. 8.) However, Connelly merely stands for the proposition that a "municipal housing authority is exempted from liability under CUTPA when it leases subsidized rental units to low income tenants." Connelly, supra, 365.
This court agrees with the court in Andrus, supra, in which the court held that activities of banks do not fall within the exemption provided by section 42-110c. Therefore, the plaintiff's motion to strike the counterclaim is denied.
Leheny, J.