[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE #107
On July 14, 1992, plaintiff, John Migliarese, filed a two count complaint against defendants, Mark Steve Stepniewski a.k.a. Mark Step and Jacqueline H. Finesod, alleging breach of contract and unjust enrichments a result of their failure to pay plaintiff for improvements made upon their home. On November 9, 1992, defendants filed their answer, two special defenses, and three counterclaims. In their first special defense, defendants claim that plaintiff's alleged oral contract is invalid because under General Statutes 20-469, home improvement contracts must be in writing. In their second special defense, defendants claim that plaintiff fails to state a cause of action upon which relief can be granted. In their first counterclaim, defendants allege that plaintiff's failure to conform with the requirements of General Statutes 20-469 has damaged defendants and constitutes a violation of the Connecticut Unfair Trade Practices Act, General Statutes42-110a et seq. (hereinafter "CUTPA). In their second counterclaim, defendants allege that the work performed by plaintiff was negligent and unworkmanlike and as such constituted a violation of CUTPA. In their third counterclaim, defendants allege that the work performed by plaintiff was negligent and unworkmanlike.
On December 9, 1992 plaintiff filed an answer and special defenses to defendants counterclaims. In his first special defense to defendants' counterclaims, plaintiff claims that the defendants are estopped from claiming that plaintiff's work is unworkmanlike, negligent, immoral, oppressive, and unscrupulous because defendants failed to assert such a claim at the time plaintiff was performing the work. Additionally, plaintiff claims that defendants' failure to assert that the work was unworkmanlike, negligent, immoral, oppressive, and unscrupulous at the time plaintiff performed the work, constitutes a waiver and is in bad faith. In his second special defense to defendants' counterclaims, plaintiff claims that defendants suffered no ascertainable loss since they received the goods and services for which they bargained. In his third special defense to defendants' counterclaims, plaintiff claims that his conduct CT Page 3208 was not recklessly indifferent, intentional, wanton, malicious, violent, or motivated by evil and that defendants are not entitled to punitive damages under CUTPA or any other legal theory.
On January 28, 1993, defendants filed a motion to strike plaintiff's second and third special defenses and a supporting memorandum of law. On February 2, 1993, plaintiff filed an objection to defendants motion to strike and a supporting memorandum of law.
The purpose of motion to strike is to test the legal sufficiency of a complaint or any count therein to state a claim upon which relief can be granted. Practice Book 152(1); see all Ferryman v. Groton, 212 Conn. 138, 142 561 A.2d 432 (1989). Moreover, the motion to strike is the proper vehicle to challenge the "legal sufficiency of . . . any part of [the] answer including any special defense contained therein. . . ." Practice Book 152(5), see also Passini v. Decker, 39 Conn. Sup. 20, 21,467 A.2d 442 (1983). All well pleaded facts in a contested pleading are deemed admitted for the purposes of a motion to strike, and should be construed in a light most favorable to the non-moving party. Rowe v. Godou, 209 Conn. 273, 278,550 A.2d 1073 (1988). In a motion to strike "`[t]he allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; and if facts provable under the allegations would support a defense or a cause of action, the . . . [motion to strike] must fail.'" (Citations omitted.) Ferryman v. Groton, supra.
Defendants argue that plaintiff's second and third special defenses to defendants counterclaims are legally insufficient because the defenses state legal conclusions and because they fail to assert that the defendants have no cause of action. Plaintiff argues that defendants' motion to strike plaintiff's second and third special defenses to defendants' counterclaims should be denied because facts provable under plaintiff's second and third special defenses to defendants' counterclaims support his special defenses.
"No facts may be proved under either a general or special denial except such as shown that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged." Practice Book 164. CT Page 3209 Therefore, [t]he purpose of a special defense is to plead facts which are consistent with the allegations of the complaint but show, notwithstanding, that the plaintiff has no cause of action." Commissioner of Environmental Protection v. National Can Corporation, 1 Conn. L. Rptr. 272 (February 19, 1990, Corrigan, J.). In his second special defense to defendants' counterclaims plaintiff asserts that:
 1. Plaintiff's labor and materials provided to defendants were not the result of an unfair or deceptive act or practice on the part of the plaintiff and were not different from what was bargained for.
 2. The defendants have suffered no ascertainable loss since they received the goods and services for which they bargained.
Plaintiff maintains that his second special defense to defendants' counterclaims responds to defendants' CUTPA claim because he has plead facts which show that the defendants have no cause of action in CUTPA. The plaintiff fails to claim that the defendants have no cause of action and states a legal conclusion. Thus the defendants' motion to strike plaintiff's second special defense to defendants' counterclaims is granted.
In his third special defense to defendants' counterclaims, plaintiff merely asserts that:
 1. Plaintiff's conduct was not recklessly indifferent, intentional and wanton, malicious, violent, or motivated by evil.
 2. Defendant's are not entitled to punitive damages pursuant to Connecticut General Statutes 42-110g or under any other theory of law.
Plaintiff maintains that his third special defense to defendants' counterclaims responds to defendants' punitive damage claim because he has plead facts which show that the defendants have no cause of action in CUTPA. Again, plaintiff fails to claim that defendants have no cause of action and states a legal conclusion. Thus the defendants' motion to strike plaintiff's third special defense to defendants CT Page 3210 counterclaims is granted.
LEHENY, JUDGE