[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 15, 1994, the plaintiff, Michael Stowe (Stowe), brought a one count complaint against the defendant, Margaritas of Branford, Inc. d/b/a Margaritas, and Daniel J. Van Keviningen. The complaint alleges that the defendant is liable to the plaintiff under General Statutes § 30-102 for injuries suffered as a result of an automobile accident.[1]
According to the facts alleged in the complaint, Margaritas of Branford, Inc. was the owner of Margaritas and the defendant Van Keviningen was the permittee thereof. On November 6 and 7, 1994, the defendants sold alcoholic beverages to Philip Juliano (Juliano) while Juliano was intoxicated. At 5:30 a.m. on November 7, 1993, Stowe was a passenger in a vehicle operated Juliano. While stopped at an intersection, Juliano put the vehicle in reverse, causing the vehicle to hit a curb and to flip over onto its side. As a result of this incident, Stowe suffered physical injury. CT Page 5370-I
On September 8, 1995, the defendants filed an answer and special defenses. The first special defense alleges that the plaintiff participated in and encouraged Juliano's intoxication. The second special defense alleges that the plaintiff willingly entered the motor vehicle knowing that Juliano was intoxicated and therefore the plaintiff assumed the risk of Juliano's intoxication.
On November 2, 1995, the plaintiff filed a motion to strike the defendants' special defenses on the ground that participation and assumption of the risk are legally insufficient defenses to a cause of action founded on the Dram Shop Act. On November 21, 1995, the defendants filed a memorandum in opposition to the plaintiff's motion to strike, arguing that the defenses are legally sufficient.
A motion to strike is the proper procedural device to raise the issue of the legal sufficiency of a special defense to a cause of action. Passini v. Decker, 39 Conn. Sup. 20, 21,467 A.2d 442 (Super.Ct. 1983). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.). FederalDeposit Insurance Corp. v. Napert-Boyer Partnership, 40 Conn. App. 434,445, 671 A.2d 1303 (1996).
As noted by the parties, no Connecticut appellate court has ruled upon whether participation and assumption of the risk are valid defenses to an action brought pursuant to General Statutes § 30-102. This court, however, has had occasion to consider and rule upon this issue in a case factually similar to the present one. See Cleary v. Monahan's Shamrock, Superior Court, judicial district of New Haven, Docket No. 332609 (September 7, 1993, Zoarski, J., 10 Conn. L. Rptr. 95) (granting motion to strike special defenses of participation and assumption of the risk in an action brought pursuant to the General Statutes § 30-102).
There is no compelling reason for the court to reach a different result in this case. Accordingly, the plaintiff's motion to strike the defendants' first and second special defenses is granted.
Howard F. Zoarski State Trial Referee CT Page 5370-J