[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON PLAINTIFF'S MOTION TO STRIKE #123
On December 5, 1995, the plaintiff, Dunnith Heenan, Jr., administrator of the estate of Dunnith Heenan, III, filed a two count revised complaint against the defendants, General Accident Insurance Company and The Aetna Insurance Company. The plaintiff seeks uninsured motorist benefits from General Accident and Aetna in counts one and two of the revised complaint, respectively. The plaintiff alleges the following facts in the revised complaint.
On October 29, 1993, Heenan was a passenger in a motor vehicle being operated by Michael Marro and owned by either Catherine or Nicholas Marro. As Marro was driving his vehicle, another vehicle, operated by Karen Williams, collided with the Marro automobile. Heenan suffered various serious injuries, and, subsequently, died as a result of this accident.
According to the plaintiff's revised complaint, Williams negligently caused this accident and she was uninsured at the time of the collision. The plaintiff alleges that on April 15, 1995, Marro's insurance carrier made a payment to the plaintiff CT Page 1612 which exhausted the limits of Marro's uninsured motorist coverage, and which was inadequate to fully compensate Heenan for his losses. Therefore, the plaintiff now seeks uninsured motorist benefits from the insurance carriers, General Accident and Aetna.
On March 6, 1996, General Accident filed an answer and special defenses In its second special defense, General Accident alleges that it is not liable to the plaintiff for uninsured motorist benefits because the plaintiff executed a release in favor of Nicholas Marro, Catherine Marro and Michael Marro without the consent of General Accident. According to General Accident, the plaintiff breached a material provision in General Accident's insurance contract, and, therefore, General Accident may avoid any obligations it possesses under its insurance policy.
In its third special defense, General Accident alleges that it is not liable for uninsured motorist benefits because the plaintiff did not exhaust all insurance coverage available to him under Marro's liability policy. General Accident then alleges in its fourth special defense that Marro was contributorily negligent.
On October 25, 1996, the plaintiff filed a motion to strike General Accident's second, third and fourth special defenses General Accident filed a memorandum of law in opposition
"A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action." Passini v. Decker, 39 Conn. Sup. 20, 21 (1983). When reviewing a motion to strike special defenses, the court must "take the facts to be those alleged in the special defenses and construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v.Douglas, 221 Conn. 530, 536 (1992) The court may not be aided by facts existing outside of the pleadings when considering a motion to strike. Liljedahl Bros. Inc. v. Grigsby, 215 Conn. 345, 348
(1990).
Second Special Defense
General Accident alleges in the second special defense that the plaintiff executed a release in favor of Marro for consideration amounting to $200,000.00. According to General Accident, "[s]aid release and subsequent settlement in the sum of CT Page 1613 $200,000.00 was obtained without the consent to settle of the defendant, General Accident Insurance Company." General Accident also alleges that the plaintiff's failure to obtain General Accident's consent to settle is a breach of the insurance policy, and, therefore, General Accident is not liable for any uninsured motorist benefits
The plaintiff argues that the consent to settle clause alleged in the special defense is contrary to law and, therefore, the special defense should be stricken. To determine the validity of this contract clause, the court would have to review the insurance contract since the parties have not alleged the specific contract language in the complaint or attached the insurance policy to the pleadings. Since the court needs to review facts not contained in the pleadings, a procedure that is not permitted when ruling on a motion to strike, the court denies the motion to strike General Accident's second special defense.Liljedahl Bros., Inc. v. Grigsby, supra, 215 Conn. 348.
Third and Fourth Special Defenses
The defendant alleges in the third special defense that the plaintiff cannot recover uninsured motorist benefits because the plaintiff failed to exhaust all available insurance pertaining to Marro and his vehicle since the plaintiff provided Marro with a release for the sum of $200,000.00. The plaintiff argues that the court should strike this special defense because General Accident is alleging facts inconsistent with the plaintiff's claims since the plaintiff is seeking uninsured motorist benefits for William's negligence and not for Marro's negligence. Furthermore, the plaintiff argues that he only has to demonstrate that one of the tortfeasors was uninsured, and that he has established this fact because Williams was uninsured.
In the fourth special defense, General Accident alleges that Marro negligently caused the accident. The plaintiff asserts that the court should strike this special defense because the negligence of Marro cannot be imputed to reduce the recovery of Heenan and because Marro's operation of his vehicle was not the cause of the collision.
To recover uninsured motorist benefits, the plaintiff must demonstrate that only one of the tortfeasors was uninsured.General Accident Ins. Co. v. Wheeler, 221 Conn. 206, 213 (1992). The plaintiff, however, must further demonstrate that the CT Page 1614 uninsured motorist "was legally liable under the prevailing law. . . ." Williams v. State Farm Mutual Automobile Ins. Co.,229 Conn. 359, 368 (1994). "Whether the uninsured motorist was legally liable must be determined in light of any substantive defenses that would have been available to the uninsured motorist." Id.
By way of the third and fourth special defenses, the defendant alleges that Marro, and not Williams, caused the accident If this fact is true, then the plaintiff cannot recover uninsured motorist benefits due to the fact that Williams was uninsured, since Williams would not have been "legally liable under the prevailing law. . . ." Id. Accordingly, if Marro's alleged negligence was the sole cause of the accident, then a failure to exhaust his liability insurance would also be a defense to the plaintiff's action. General Accident Ins. Co. v.Wheeler, supra, 221 Conn. 213. Therefore, the facts alleged in the defendant's third and fourth special defenses are consistent with the facts describing the accident alleged in the complaint, and, if true, demonstrate that the plaintiff does not have a valid cause of action Grant v. Bassman, 221 Conn. 465, 472-73
(1992)
The plaintiff, citing Mahoney v. Beatman, 110 Conn. 184,195-201 (1929), further argues that Marro could not have been legally responsible for the accident. The court in Mahoney v.Beatman, supra, 195, however, stated that whether a person's alleged negligence caused a plaintiff's injuries "presents a question of fact" that must be determined "by the jury after a consideration of all the facts that bear upon it." (Internal quotation marks omitted.) Accordingly, the court cannot determine, on a motion to; strike, that Marro did not cause this accident. Liljedahl Bros., Inc. v. Grigsby, supra, 215 Conn. 348. See also, Spencer v. Good Earth Restaurant, 164 Conn. 194.
For the foregoing reasons, the court denies the plaintiff's motion to strike General Accident's second, third and fourth special defenses.
Samuel S. Freedman, Judge