[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE. PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SPECIAL DEFENSES
This case arises out of the employment termination of the plaintiff, Peter Paciorek, due to his positive drug test result. On September 25, 1997, the plaintiff filed a four count amended complaint: count one alleges a violation of General Statutes § 31-51x,[1] in that the defendant, Gulf States, Inc., did not have the requisite reasonable suspicion to test the plaintiff for drug use; count two alleges negligent infliction of emotional distress; count three alleges intentional infliction of emotional distress; and count four alleges a breach of the express and implied contract rights of the plaintiff.
On November 19, 1997, the defendant filed its answer and special defenses to the plaintiff's allegations. The defendant asserts four special defenses: first, the defendant claims that the plaintiff's rights were not infringed because he signed a waiver and consented to the drug test; secondly, the defendant claims that the signed waiver form estops the plaintiff from claiming that he was forced to submit to the drug test; third, CT Page 6220 the defendant claims that the plaintiff's action is not viable because he signed a general release of liability regarding the defendant and its actions; and finally, the defendant claims that the decision to terminate the plaintiff's employment was in accordance with the provisions of General Statutes § 31 51y(b).[2] The plaintiff has moved to strike all special defenses raised by the defendant.
"A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action." Passini v. Decker. 39 Conn. Sup. 20, 21,467 A.2d 442 (1983), citing Nowak v. Nowak 175 Conn. 112, 116,394 A.2d 716 (1978); see Practice Book § 152(5). The motion to strike special defenses admits all facts well pleaded. Passini v.Decker supra, 21. The facts alleged in the special defenses must be construed in a manner most favorable to sustaining their legal sufficiency. Connecticut National Bank v. Douglas 221 Conn. 530,536, 606 A.2d 684 (1992).
The plaintiff maintains that the special defenses are legally insufficient. Specifically, as to the special defenses of waiver and release of liability, the plaintiff argues that the defendant did not have reasonable suspicion to test him, and that he signed the consent form under the threat of dismissal. Regarding the special defense of estoppel, the plaintiff argues that the defendant's drug testing policy is illegal because it reserves the right to test an employee "at any time." (Plaintiff's Memorandum, 12/3/97, p. 5.) Lastly, the plaintiff argues that § 31-51y(b) should be stricken as a special defense, in that it is "brutally unjust," because there is no evidence that he was under the influence of drugs during work hours. (Memorandum, 12/3/97, p. 6.)
The plaintiff's motion to strike is improper because it does not challenge the legal sufficiency of the special defenses; rather, the plaintiff attempts to argue the merits of the special defenses. The plaintiff's motion is a speaking motion. "A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle38 Conn. App. 360, 364, 660 A.2d 871 (1995), citing Liljedhal Bros., Inc. v.Grigsby, 215 Conn. 345, 348-49, 576 A.2d 149 (1990). All of the plaintiff's arguments rely upon facts outside of the pleadings. Consequently, the plaintiff "must await the evidence which may be adduced at trial. . . ." Liljedhal Bros., Inc. v. Grigsby, supra, 348. CT Page 6221
Furthermore, it is notable that the plaintiff has not cited case law to support his arguments. Our courts adhere to the principal that "[w]here an issue is merely mentioned, but not briefed beyond a bare assertion of the claim, it is deemed to have been waived." Commission on Human Rights Opportunities v.Truelove Maclean, Inc., 238 Conn. 337, 354 n. 11, 680 A.2d 1261
(1996).
Accordingly, the plaintiff's motion to strike is denied.
Martin, J.