[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action to recover damages for personal injuries allegedly suffered by the plaintiff, Joseph Nolan, on March 30, CT Page 15349 1997, while he was a passenger in a motor vehicle operated by the defendant, Corrine Schuster, as it exited the parking lot of defendant Tequila's, and collided with a utility pole. The plaintiff alleges that on the day of the collision and prior thereto, the defendant operator was sold alcoholic liquor by the defendant permittee, and the defendant backer or their servants, agents or employees, while she was intoxicated and while she was a customer or patron at defendant Tequila's. Tequila's backer and permittee, were La Hacienda, L.L.C., and Marco A. Martel respectively.
On March 30, 1998, the plaintiff filed a complaint, dated March 24, 1998, against the defendants, Corrine Schuster, Tequila's, La Hacienda L.L.C. ("La Hacienda"), and Marco A Martel, alleging negligence and recklessness against Schuster (counts one and two, respectively) and a violation of the Dram Shop Act[1] against Tequila's, La Hacienda and Martel.[2] On July 15, 1998, Joseph Nolan filed a motion to strike the special defense of assumption of the risk of Tequila's, La Hacienda, and Marco A. Martel on the ground that assumption of the risk is not a defense to a violation of General Statutes § 30-102, the Dram Shop Act.
 Discussion
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions . . ." (Internal quotation marks omitted.) Id., p. 588. "In [considering] a motion to strike . . . [courts] must construe the facts alleged in the complaint in a light most favorable to the pleader." RK Constructors, Inc. v.Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "The motion [to strike] is the proper vehicle to challenge or attack the sufficiency of a special defense. Mingachos v. CBS, Inc., 196 Conn. 91, 109,491 A.2d 368 (1985)." Benoit v. Connecticut Trails Council of GirlScouts, Inc., Superior Court, judicial district of Waterbury, CT Page 15350 Docket No. 083152 (November 22, 1989, Kulawiz, J.) (1 CONN. L. RPTR. 47, 48). Connecticut National Bank v. Voog, 233 Conn. 352,354 (1995).
In the present case, in moving to strike the special defense of Tequila's, La Hacienda and Marco A. Martel, the plaintiff argues that "[t]he defense of assumption of the risk is not a sufficient defense to an action based on a statutory violation when the statute was enacted to create an obligation to the public at large." (Motion To Strike Special Defense, p. 1.) Defendants Tequila's, La Hacienda and Marco A. Martel counter that "[t]hese factual circumstances consist of an individual participating . . . and having knowledge of the intoxicated condition of the operation of the car [in which Joseph Nolan was a passenger] . . . [A] majority of . . . Superior Court decisions which address this issue, support the validity of the Defendants' special defense." (Memorandum In Opposition To Plaintiff's Motion To Strike, p. 5.)
"The Connecticut Appellate and Supreme Court have yet to address the use of assumption of the risk and participation as special defenses to a dram shop action." Rousseau v. Ricciardi,
Superior Court, judicial district of Waterbury, Docket No. 121665 (August 22, 1995, McDonald, J.). "Many of the cases upholding the defense [of assumption of the risk] rely on a restatement of the trial court in [Sanders v. Officers' Club of Connecticut, Inc.,35 Conn. Sup. 91, 95, 397 A.2d 122 (1978), aff'd, 196 Conn. 341,493 A.2d 184 (1985)] that `it appears that such a defense is proper within the boundaries of voluntarily and willingly assuming the risk of another's intoxication, for example accepting a ride from one known to be drunk.'. . . However, cases which have disallowed the defense of assumption of the risk rely on L'Heureux v. Hurley, 117 Conn. 347, 168 A. 8 (1933), wherein the court held that assumption of the risk is not a defense to an action based on a statutory violation when the statute was enacted to create an obligation to the public at large." (Citations omitted; internal quotation marks omitted.) Jacocks v.Monahan's Shamrock, Superior Court, judicial district of New Haven, Docket No. 330268 (October 13, 1993, Zoarski, J.). Seealso, Rousseau v. Ricciardi, supra, Superior Court, Docket No. 121665 ("assumption of the risk is not a defense to an action based on a statutory violation when the statute was enacted to create an obligation to the public at large"); Archambault v.Pascual, Superior Court, judicial district of Litchfield, Docket No. 052477, 3 CONN. L. RPTR. 46 (December 19, 1990, McDonald, J.) (same);Lepore v.
CT Page 15351Lavigne, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 393695 (February 6, 1992, Hennessey, J.) (same); Passini v. Decker, 39 Conn. Sup. 20,467 A.2d 442 (1983) (same).
Indeed, in Penn v. LaBoy, Superior Court, judicial district of New London, Docket No. 508818 (July 30, 1990, Axelrod, J.), the court granted a motion to strike the special defense of assumption of risk to a Dram Shop Act cause of action. The court held that "[t]here is nothing in section 30-102 that allows assumption of risk as a defense . . . If the damage limitation in section 30-102 is to be reduced, then the proper remedy to reduce the statutory limit is by legislative action rather than be creating [the] defense [of assumption of the risk] that was not established by the legislature." Id.
However, several superior courts have held that assumption of the risk is a defense to a violation of the Dram Shop Act. InBreen v. Brother Bones Cafe, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 523016, 12 CONN. L. RPTR. 165 (October 14, 1994, Corradino, J.), the court held that assumption of risk was a defense because "[w]hen a plaintiff's conduct in assuming a risk is unreasonable, then the (assumption of risk) doctrine overlaps contributory negligence and the principle of comparative negligence . . . should apply." (Internal quotation marks omitted.) Id. See also, Sego v. Debco, Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 039650, 12 CONN. L. RPTR. 415 (September 8, 1994, Skolnick, J.) ("[s]ince the statute is primarily remedial . . . and . . . intended to limit recovery to innocent third party victims, the defense [of assumption of risk] bars recovery in a Dram Shop action where the plaintiff comprehended the risk of harm") (Internal quotation marks omitted.) Id.
In the instant case, the special defense asserted by Tequila's, the La Hacienda, and Marco A. Martel alleges that the Plaintiff assumed the risks of his conduct by procuring alcohol for the defendant, Corrine Schuster, who at the time was a minor in violation of the laws of the State of Connecticut and, thereafter, by voluntarily and willingly riding in an automobile driven by her while she was intoxicated. The Court finds that, the plaintiff's conduct, if proven, in assuming the related risks is so unreasonable that the doctrine of assumption of the risk should apply. CT Page 15352
Accordingly, this Court adopts the reasoning set forth in the aforementioned Superior Court cases which have held that assumption of the risk is a defense to an alleged violation of the Dram Shop Act. See, Breen v. Brother Bones Cafe, Inc.,supra., and Sego v. Debco, Inc., supra. The plaintiff's motion to strike the special defense asserted by the defendants Tequila's, La Hacienda, and Marco A. Martel is, therefore, denied.
BY THE COURT,
Espinosa, J.