[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On April 3, 1998, the plaintiffs, Carol Smith and Ranasjea Smith, by her mother and next friend Carol Smith, filed an amended nine count complaint alleging negligence, negligence per se, and reckless and willful misconduct. The plaintiffs allege that the defendant Thomas Walsh, a tow truck operator, and the defendant Loss Prevention Inc., Walsh's employer, are liable for personal injury, property damage and bystander emotional distress suffered by the plaintiffs as the result of the defendant Walsh's towing and dropping of the plaintiffs' car while plaintiffs remained inside.
The defendants filed their answers and special defenses on May 6, 1998. The defendants pled four special defenses, three of which have become the subject of the plaintiffs' motion to strike. The first special defense alleges contributory negligence. The second, third and fourth special defenses all claim that the plaintiffs have "failed to state a legally sufficient cause of action."
The plaintiffs filed a motion to strike on May 29, 1998, claiming that the defendants' second, third and fourth special defenses failed to allege facts on which they relied as is legally required. Pursuant to Practice Book § 10-42, formerly § 155, the plaintiffs have filed a memorandum of law in support of their motion to strike. The defendants have filed timely opposition memoranda dated June 16 and July 16, 1998.
"The function of a motion to strike is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.)Dodd v. Middlesex Mutual Assurance Co.,242 Conn. 375, 378, 698 A.2d 859 (1997). "A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action."Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 442
(1983). The court, in ruling on the motion to strike, takes those facts alleged in the special defenses and construes them in the light most favorable to sustaining their legal sufficiency.Connecticut National Bank v. Douglas,221 Conn. 530, 536, 606 A.2d 684 (1992). CT Page 15661
The plaintiffs rely on the recently decided Pozoukidisv. City of Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346988 (February 13, 1998) (Mottolese, J.) (21 CONN. L. RPTR. 382), for the proposition that a challenge to the legal sufficiency of a complaint without accompanying allegations of fact supporting the challenge will not withstand a motion to strike. InPozoukidis, the court held that the "rules of pleading hold defendants to the same standard of definiteness with respect to special defenses that plaintiffs are held to in their complaints," specifically rejecting the analysis of ScanAssociates v. Civitello Building Co. Superior Court, judicial district of New Haven at New Haven, Docket No. 350643 (January 24, 1994) (Hodgson, J.) (10 CONN. L. RPTR. 646). In support the court cited Practice Book § 10-50, formerly § 164,[1] which "requires that special defenses plead facts." Pozoukidis v. City of Bridgeport, supra, 21 CONN. L. RPTR. 382.
The defendants, however, rely on the 1994 ScanAssociates decision and its subsequent line of case law. The court, in Scan Associates, relied upon the following footnote in Robert S. Weiss Associates, Inc. v.Wiederlight, to reach the decision that merely challenging the sufficiency of the complaint by way of a special defense is appropriate: "[I]t is incumbent on a plaintiff to allege some recognizable cause of action in his complaint. If he fails so to do, it is not the burden of the defendant to attempt to correct the deficiency, either by motion [to strike], or otherwise." (Internal quotation marks omitted.) Robert S. WeissAssociates, Inc. v. Wiederlight, 208 Conn. 525,535 n. 5, 546 A.2d 216 (1988). This analysis was applied inJanowicz v. Clark Construction of Ridgefield, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 138678 (March 15, 1995) (Lewis, J.),Torres v. Melody, Superior Court, judicial district of New London at Norwich, Docket No. 098765 (December 7, 1995) (Levine, J.), and Stack v. Harley Davidson of Danbury, Superior Court, judicial district of Danbury, Docket No. 323389 (October 2, 1996) (Moraghan, J.) In response to the Connecticut Supreme Court language that "[t]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action"; CT Page 15662Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814
(1992); one court held that "alleging legal insufficiency is
consistent with the facts alleged by the plaintiff, but it `demonstrate[s] nonetheless that the plaintiff has no cause of action.'" (Citation omitted, emphasis added.) Janowicz v.Clark, supra, Docket No. 138678.
While it is true that the Scan Associates line of cases were decided fairly recently (1994 through 1996) it is notable that the more recent cases have followed the reasoning ofPozoukidis. See Bennett v. Lindsay, Superior Court, judicial district of New Haven at New Haven, Docket No. 389401 (November 25, 1997) (Levine, J.), citingPrudential Insurance Co. v. Gateway Bank, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 098509 (August 12, 1992) (Rush, J.)[2] (court granted a motion to strike a special defense which stated only: "The plaintiff has failed to state a claim upon which relief can be granted in his first, second and third count"). In February of 1998, Judge Aurigemma struck a special defense which stated that the complaint failed to state a claim upon which relief could be granted. According to Judge Aurigemma, "[t]his is not a proper special defense because of its lack of factual assertions consistent with the allegations of the complaint." UnitedTechnology Corp. v. Turbine Kinetics, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 548324 (February 24, 1998) (Aurigemma, J.). Also in 1998, Judge Klaczak granted a motion to strike a special defense "as it point[ed] to no facts upon which the defendants rel[ied] for their conclusory defense that . . . the complaint fails to state a claim upon which relief can be granted."Strickland v. Bates, Superior Court, judicial district of Tolland at Rockville, Docket No. 064466 (May 11, 1998) (Klaczak, J.). In support of his decision, Judge Klaczak cited Pozoukidis.
The Supreme Court has explained that "[t]he fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway."Bennett v. Automobile Insurance Co. of Hartford,230 Conn. 795, 802, 646 A.2d 806 (1994). Similarly the Court has stated that the purpose of the special defense is "to plead facts that are consistent with the allegations of the complaint but demonstrate nonetheless, that the plaintiff has no cause of CT Page 15663 action." Grant v. Bassman, supra,221 Conn. 472-73. The analysis of Pozoukidis, rather thanScan Associates, better reflects the spirit of the Supreme Court's holdings. While it may be correct that "alleging legal insufficiency [can be] consistent with the facts alleged by the plaintiff . . . demonstrat[ing] nonetheless that the plaintiff has no cause of action"; Janowicz v. Clark, supra, Superior Court, Docket No. 138678; being "consistent with the facts" and "pleading facts consistent with the allegations of the complaint"; Grant v. Bassman, supra,221 Conn. 472-73; Bennett v. Automobile Insurance Co. of Hartford, supra, 230 Conn. 802; Practice Book § 10-50; are not the same thing.
For the foregoing reason the motion to strike the second, third and fourth special defenses are granted because they fail to allege facts upon which they rely.
Howard F. Zoarski Judge Trial Referee