## ALEXANDRA PLAUT
vs.
## EDWARD PLAUT

Superior Court      Fairfield County      File #53113

Present:   Hon. JOHN RUFUS BOOTH, Judge.

Slade, Slade & Slade,      Attorneys for the Plaintiff.

Cummings & Lockwood,      Attorneys for the Defendant.

## MEMORANDUM FILED NOVEMBER 29, 1937.

BOOTH, J. The defendant admits that he is not contributing anything toward the support of his wife. The reason given for his neglect is that he is financially unable thus to contribute. This reason seems to be more fanciful than real. He admits that he has securities worth $1,084,000.00, and claims his liabilities are $702,000.00. In addition, he admits he has life insurance payable to his estate amounting to

$1,000,000.00, and that his salary is $90,000.00 annually. He also admits that his income from stock which he holds in the Lehn & Fink Corporation amounts to at least $60,000.00 annually. Notwithstanding he has a palatial home in Connecticut, he pays $4,400 for the rent of an apartment in New York during the winter, and employs eight servants at an expense of $800.00 monthly, besides maintaining two automobiles.

On the other hand, his wife has a separate income which while during the past six years has averaged $24,297.00 annually in the gross, has been somewhat reduced by income taxes and trustee charges.

During their life together they lived upon a rather lavish scale. Since their separation and on or about February 1st, 1937, the plaintiff has supported herself solely from her own income.

The basis of alimony is the means of support to which the wife is entitled and of which she has been deprived through the husband's default in the performance of his marriage contract. In determining the amount of such support consideration should be made of the amount of the estate of the husband, his age, health and earning capacity; the age, health, station and separate estate of the wife. In the present case the estate of the defendant is at least three times that of the plantiff and his earning capacity is $90,000.00 annually against zero for the plaintiff. The age and health of both are apparently equal. The basis of an allowance to a wife for expenses of litigation in a divorce action is that she should not be deprived of her rights because she lacks funds. If, however, she possesses property of her own sufficient to pay the expenses of the suit and available for that use, she is not ordinarily entitled to an allowance. **Steinman vs. Steinman, 121 Conn., 505; Westerfield vs. Westerfield, 36 N. J. Equity, 195; Lake vs. Lake, 194 N. Y., 179 at 183; Lake vs. Lake, 87 N. E., 87; Keezer Marriage & Divorce, 2nd Ed., Sec. 714.**

In view of the foregoing, it is obvious that the plaintiff is not entitled to an allowance to prosecute her action against the defendant, but that she is entitled to an award of alimony pendente lite. In determining the amount thereof the Court has given due consideration to the various elements involved and therefore orders that the defendant pay to the plaintiff as alimony pendente lite the sum of one thousand ($1,000.00)

dollars monthly, and that the motion for counsel fees be denied.