[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Centerbank, filed a one count complaint alleging that the defendant, Dowcom, Inc., was a debtor in default on a promissory note held by Centerbank, and that the CT Page 9295 defendants, Lauren M. Miralia (Miralia) and Robert F. Downing (Downing), were liable as guarantors of the note. Centerbank alleges it is a successor in interest on the note originally held by Central Bank, f/k/s First Central Bank. According to the documents attached to the plaintiff's complaint, Downing signed a guaranty on December 5, 1990; Miralia signed a guaranty on December 13, 1990, and Dowcom, Inc. executed the note on December 19, 1990.
The defendants have filed three special defenses which the court will consider as recently amended. Two of the special defenses were filed by Miralia and Downing. Their first special defense alleges breach of the covenant of good faith and fair dealing and the second special defense alleges discharge. Dowcom, Inc. also alleges a breach of the covenant of good faith and fair dealing in its special defense.
The plaintiff has filed a motion to strike all three special defenses which the court will consider as applying to the amended special defenses. The plaintiff asserts that the breach of the covenant of good faith and fair dealing is not a valid special defense to an action on an instrument. The plaintiff also asserts that the defendants have not raised a legally sufficient defense of discharge.
The legal sufficiency of a special defense may be challenged by a motion to strike. Practice Book 152(5); Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 442 (1983); and see Gurliacci v. Mayer, 218 Conn. 531, 545, 590 A.2d 914 (1991). When considering the motion to strike, the court may not look beyond the facts alleged in the pleadings, and the facts must be construed in favor of the nonmoving party. Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). "[I]f facts provable under the allegations would support a defense . . . the [motion to strike] must fail." Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989).
 I.
The Special Defenses of Breach of the Covenant of Good Faith and Fair Dealing
In their first special defense, Miralia and Downing allege that Central Bank breached the implied covenant of good faith and fair dealing by accepting the restructuring plan of CDC CT Page 9296 Financial Corporation (CDC Financial) and CDC Equity Corporation (CDC Equity).
In its special defense, Dowcom, Inc. also alleges that by refusing to accept security offered by CDC Financial for the loan while accepting partial repayment of the indebtedness from CDC Financial affiliates, the plaintiff's predecessor breached its duty of good faith and fair dealing.
The plaintiff argues that a breach of the covenant of good faith and fair dealing is not a special defense which can be raised in an action on an instrument. See Bristol Savings Bank v. Aries Insurance, Superior Court Judicial District of Hartford-New Britain at Hartford, Docket No. 511586 (October 30, 1990).
The Uniform Commercial Code implies a covenant of good faith and fair dealing in every transaction falling under the Code. General Statutes 42a-1-203. Connecticut has recognized the defense of a breach of a covenant of good faith and fair dealing in most contract actions. Magnan v. Anaconda Industries, Inc.,193 Conn. 558, 566-69, 479 A.2d 781 (1984). The weight of the authority indicates that breach of the covenant of good faith and fair dealing is a valid defense to an action on an instrument. Rhode Island Hospital Trust v. Martin Trust,6 Conn. L. Rptr. 75, 76-77 (March 23, 1992, Burns, J.); Connecticut National Bank v. Anderson, 6 CSCR 943 (October 1, 1991, Pickett, J.); Connecticut National Bank v. Douglas, Superior Court Judicial District of New Haven, Docket No. 288768 (June 7, 1991); Connecticut National Bank v. Douglas,5 CSCR 366, 369 (April 20, 1990, Flanagan, J.); but see Bristol Savings Bank v. Aries Insurance, supra. Accordingly, a lender owes the duty of good faith to third parties, such as guarantors, who "are not `strangers' to the transaction." Rhode Island Hospital Trust v. Martin Trust, supra, 77, construing Connecticut Bank 
Trust v. Carriage Lane Associates, 219 Conn. 772, 595 A.2d 334
(1991). The lender's duty of good faith to a guarantor cannot be waived. Rhode Island Hospital Trust v. Martin Trust, supra, 77; General Statutes 42a-1-102 (3).
Since a breach of a covenant of good faith and fair dealing is a valid special defense in an action on a note, the plaintiff's motion to strike the first and third special defenses should be and is denied. CT Page 9297
 II.
Discharge
Miralia and Downing allege in their second special defense that they were discharged for two reasons. First, Miralia and Downing allege that Central Bank accepted the restructuring plan of CDC Financial and CDC Equity, thereby impairing the reimbursement agreement in which CDC Financial and CDC Equity promised to reimburse Miralia and Downing for any payment the guarantors make on the note. Miralia and Downing allege that the reimbursement agreement was collateral. Second, Miralia and Downing allege that Central Bank failed to accept the security offered by CDC Financial.
An accommodation party is one who "signs the instrument for the purpose of incurring liability on the instrument without being a direct beneficiary of the value given for the instrument." General Statutes 42a-3-419 (a); see Catania v. Catania, 26 Conn. App. 359, 363, 601 A.2d 543 (1992). A person must sign a note in order to be liable on it. General Statutes42a-3-204 (a). Miralia and Downing are here considered accommodation parties who signed the note by affixing their guaranty agreements to the note.
"If the obligation of a party to pay an instrument is secured by an interest in collateral and a person entitled to enforce the instrument impairs the value of the interest in collateral, the obligation of an accommodation party is discharged to the extent of the impairment." General Statutes 42a-3-605 (e). Furthermore, "[i]f the obligation of a party is secured by an interest in collateral not provided by an accommodation party and a person entitled to enforce the instrument impairs the value of the interest in collateral, the obligation of any party who is jointly and severally liable with respect to the secured obligation is discharged . . . ." General Statutes 42a-3-605 (f).
Miralia and Downing have alleged that a person entitled to enforce the note has impaired the collateral. Here, the alleged facts support a defense of a discharge.
A motion to strike must be denied "if facts provable under the allegations would support a defense." Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989); and see Westport Bank CT Page 9298 Trust v. Corcoran, Mallin Aresco, 221 Conn. 490, 496,605 A.2d 862 (1992). Because Miralia and Downing have alleged a legally sufficient defense of discharge, their second allegation that the guarantors were discharged because Center Bank refused to accept security offered by CDC Financial does not need to be addressed.
Accordingly, the plaintiff's motion to strike the defendants' three special defenses should and is denied.