[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 6377
On June 18, 1993, the plaintiff, Linda Ciarlone, filed a two count complaint against the defendant, Dr. Glenn Vitale. Attached to the complaint is a "Petition for Extension of Statute of Limitations," granted by the clerk on March 26, 1993, and a "Certificate of Reasonable inquiry," dated June 9, 1993. In the first count of the plaintiff's complaint, she alleges that on April 1, 1991, the defendant negligently and carelessly performed surgery on her foot, and for a period of time thereafter rendered negligent postoperative treatment and care. In the second count, the plaintiff alleges that the defendant failed to properly inform her of all of the risks associated with the surgery, which was needed to obtain her informed consent.
On July 28, 1993, the defendant filed an answer to the plaintiff's complaint, along with three special defenses. In the first special defense, the defendant alleges that the plaintiff caused her own injury because she negligently failed to follow the defendant's instructions for care. In the second special defense, the defendant alleges that, pursuant to General Statutes § 52-225a, he is entitled to the benefit of collateral source payments given to the plaintiff. In the third special defense, the defendant alleges that the plaintiff's claim is barred by the statute of limitations, pursuant to General Statutes § 52-584, and by the doctrine of laches. The defendant alleges that the plaintiff's ninety-day extension "was not warranted or appropriate based upon the facts and circumstances of this particular case."
On February 28, 1994, the plaintiff filed a motion to strike the defendant's third special defense, along with a supporting memorandum of law. The plaintiff moves to strike on the ground that the defendant's third special defense fails to state a legally sufficient special defense because she received an extension of the statute of limitations, pursuant to General Statutes § 52-190a(b), before the statute of limitations expired.
On March 9, 1994, the defendant filed a timely memorandum of law in opposition. The defendant argues that, a statute of limitations defense must be specially pleaded, and that he has a right to a have a jury decide whether the plaintiff properly petitioned the court for a ninety-day extension, and then whether the statute of limitations had expired. CT Page 6378
"No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged." Practice Book § 164; Bennett v. Automobile Ins.Co. of Hartford, 32 Conn. App. 617, 620-21, 630 A.2d 149 (1993). The legal sufficiency of a special defense may be challenged by a motion to strike. Practice Book § 152(5); Gurliacci v.Mayer, 218 Conn. 531, 545, 590 A.2d 914 (1991); Passini v.Decker, 39 Conn. Sup. 20, 21, 467 A.2d 442 (Super.Ct. 1983). The court must construe the defenses "in the manner most favorable to sustaining [their] legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465,471, 594 A.2d 1 (1991). "[I]f facts provable under the allegations would support a defense . . . the [motion to strike] must fail." Centerbank v. Dowcom, Inc., 8 CSCR 1286 (November 17, 1993, McDonald, J.), quoting Ferryman v. Groton, supra, 142. "In Connecticut, the statute of limitations is an affirmative defense which must be specially pleaded." Muchler v. Sokolowski, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket no. 381804, (January 13, 1994, Sheldon, J.).
"No action to recover damages for injury to the Person. . . caused by . . . malpractice of a physician, surgeon. . .hospital or sanitorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered. . . ." General Statutes § 52-584. General Statutes § 52-190a, provides in pertinent part that:
 (a) No civil action shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987,. . .in tort. . ., in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant . . . .
 (b) Upon petition to the clerk of the court where the action will be filed, an automatic ninety-day extension of the statute of CT Page 6379 limitations shall be granted to allow the reasonable inquiry required by subsection (a) of this section. This period shall be in addition to other tolling periods.
General Statutes § 52-190a.
"The statute of limitations should be tolled in accordance with the terms of § 52-190a(b) inasmuch as the petition [is] filed prior to the running of the statute of limitations." Burton v. WestHartford Obstetrics Gynecology, 8 Conn. L. Rptr. 396 (March 3, 1993, Allen, J.)." [General Statutes] § 52-190a(b) does not require that the petition be filed at any particular period of time prior to the statute of limitations [and] [n]o conditions are attached to the granting of said petition." Id. "The effect of the granting of such an extension is simply to extend by three months, from two years to twenty-seven months, the time within which a potential plaintiff must commence her malpractice lawsuit . . . ." Muchler v.Sokolowski, supra. "The general purpose of § 52-190a is to discourage the filing of baseless lawsuits against health care providers" (Internal quotations omitted; internal citations omitted.) Gabrielle v. Hospital of St. Raphael, 33 Conn. App. 378,383, ___ A.2d ___ (1994). See also Leconche v. Ellingers,215 Conn. 701, 710, 579 A.2d 1 (1990).
The statute of limitations must be specially pleaded. SeeMuchler v. Sokolowski, supra. The defendant's special defense attacks the application of the ninety-day extension, General Statutes § 52-190a, to the complaint. However, in the third special defense, the defendant does not allege that the plaintiff's action is barred by the expiration of the statute of limitations, rather the defendant alleges that the ninety-day extension of the statute of limitations was unwarranted because the plaintiff did not need the extra time to review the medical records. The defendant does not challenge the appropriateness of the order entering the extension, but rather the plaintiff's need for an extension.
The defendant's special defense is legally insufficient as a statute of limitations defense and an inappropriate means of challenging the application of General Statutes § 52-190a. The facts provable under the allegations of the defendant's third special defense are inconsistent with the statements of fact in the plaintiff's complaint, and do not show that the plaintiff has no cause of action. See Practice Book § 164; Bennett v. AutomobileIns. Co. of Hartford, supra. The motion to strike the defendant's third CT Page 6380 special defense is granted.
Howard F. Zoarski, Judge