[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 17, 1995
On August 25, 1994, the plaintiff, Bank of Darien, filed a revised complaint in this foreclosure action against the defendants, Wake Robin Inn, Inc., Henri P. and Moya Manassero. The revised complaint also names as additional defendants several parties having interests subsequent and subordinate to the interest being foreclosed by the plaintiff. These parties are not subject to this motion to strike.
The revised complaint contains three counts. It alleges that the defendants, by way of a note dated February 15, 1989, promised to pay the plaintiff a principal sum of $470,000 with interest. To secure this note the defendants mortgaged to the plaintiff two CT Page 946 parcels of land in the Town of Salisbury, Connecticut. In addition, to further secure their obligations, the defendants gave the plaintiff a security interest in certain fixtures, furnishing, equipment, and personal property located on one of the parcels of land where the defendants operate an inn known as the Wake Robin Inn. The revised complaint alleges that the defendants failed to pay balances on the note when due, and are in default on the note and mortgages. The plaintiff now seeks foreclosure of the mortgage and security interest.
On September 21, 1994, the defendants filed an answer, special defenses, and counterclaim. The defendants' first special defense alleges a breach of an implied covenant of good faith and fair dealing. The defendants' second special defense alleges that the defendants were compelled to pay legal fees as a result of a land transaction described in the first special defense. The defendants allege the reasonableness of these fees has not been determined and should not have been added to the defendants' liability under the terms of the mortgage being foreclosed. The defendants also filed a counterclaim that alleges the same facts as the first special defense and claims that these actions constitute a violation of the Connecticut Unfair Trade Practices Act (CUTPA).
On October 20, 1994, the plaintiff filed a motion to strike the defendants' special defenses and counterclaim. The plaintiff attached a supporting memorandum of law to its motion. On October 20, 1994, the defendants timely filed a memorandum of law in opposition to the motion to strike.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book Sec. 151;Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). "A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action." Passini v. Decker,39 Conn. Sup. 20, 21, 467 A.2d 442 (Super Ct. 1983). "The motion to strike, like the demurrer, admits all facts well pleaded." Ferryman v. Groton, supra, 142. A motion to strike "does not admit legal conclusions or CT Page 947 the truth or accuracy of opinion stated in the pleadings."Mingachos v. CBS. Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "The legal conclusions or opinions stated in the special defense are not deemed admitted but rather must flow from the subordinate facts provided."Country Fed. Sav. Loan Assn. v. Eastern,3 Conn. App. 582, 586, 491 A.2d 401 (1985), citingMcAdam v. Sheldon, 153 Conn. 278, 283,216 A.2d 193 (1965). "In deciding upon a motion to strike, a trial court must take the facts to be those alleged in the [pleadings] . . . and `cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.)Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990).
The plaintiff argues that neither the special defenses nor the counterclaim are cognizable in a foreclosure action. The plaintiff claims the first special defense is not cognizable because it does not attack the making, validity or enforcement of the note or mortgage being foreclosed in this action and therefore, since the counterclaim is factually based on the first special defense, it also should be stricken. The plaintiff also argues that the second special defense is not a recognized special defense. Additionally, the plaintiff contends that the defendants, in their counterclaim, have failed to sufficiently allege a breach of the covenant of good faith and fair dealing or a violation of CUTPA. Finally, the plaintiff argues that the special defenses put forth by the defendants are insufficient under Practice Book Sec. 164 because they fail to show that the plaintiff has no cause of action.
The defendants argue that the plaintiff refers to facts outside of the pleadings, which cannot be considered on a motion to strike. Additionally, the defendants argue that based on their special defenses, they would be able to show that the mortgage being foreclosed was also recorded against a piece of New York property, and that the defendants could not have sold that property without a partial release of that mortgage. The court cannot consider these allegations that are not contained in the pleadings because on a motion to strike the court is limited to the facts alleged in the pleadings. Liljedahl Bros., Inc. v. Grigsby, supra, CT Page 948215 Conn. 348. The defendants contend that without the first special defense they would be unable to show why equitably the court should withhold foreclosure. Finally, the defendants argue that the second special defense has been pleaded to protect against a finding that they could not properly raise the issue.
In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity. Shawmut Bank v. Wolfley, 9 CSCR 216
(1994), (Dean, J.). A foreclosure action, however, is an equitable proceeding where the trial court may consider all relevant circumstances to ensure that complete justice is done. Reynolds v. Ramos, 188 Conn. 316,320, 449 A.2d 182 (1982). "Therefore, many courts, exercising their equitable powers, have recognized allegations of mistake, accident, fraud, equitable estoppel CUTPA, breach of the implied covenant of good faith and fair dealing, laches and the refusal to agree to a favorable sale to a third party as a valid defense to a foreclosure action." National Mortgage Co.v. McMahon, 9 CSCR 300 (1994), (Celotto, J.).
Courts have limited these equitable defenses to only those which attack the making, enforcement, or validity of a note or mortgage. National Mortgage Co. v.McMahon, supra, 9 CSCR 300, citing Shoreline Bank Trust Co. v. Leninski, 8 CONN. L. RPTR. 522, 525 (March 19, 1993), (Celotto, J.). The rationale behind this limitation "is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." National Mortgage Co. v.McMahon, supra.
The defendants' first special defense alleges that the defendants Henri P. and Moya Manassero transferred real property in the City of New York and that as a part of this transaction the plaintiff received approximately $250,000, a portion of which it applied to the note being foreclosed. This payment was demanded by the plaintiff, the defendants allege, in order to permit the defendants to sell their New York property, and constituted CT Page 949 a breach of a previous agreement permitting the defendants to retain a portion of the proceeds for working capital to operate their business and upon which the defendants relied to their detriment. The defendants allege that this action by the plaintiff constituted a breach of an implied covenant of good faith and fair dealing.
The defendants' first special defense does not attack the making, enforcement or validity of the note or mortgage in the present action. The allegations instead relate to the breach of a separate agreement that the defendants complain the plaintiff breached by applying part of the proceeds of a real estate transaction in New York to the note in the present foreclosure action. The first special defense contains no allegations that the present note or mortgage entitles the defendants to retain the proceeds from the New York transaction. Instead, according to the allegations of this special defense, any such entitlement derives from a separate agreement between the parties. There are no allegations of how this previous agreement relates to the note and mortgage being foreclosed. The allegations simply do not attack the making, validity or enforcement of the present note or mortgage. As such, the plaintiff's motion to strike the first special defense should be granted.
The defendants' second special defense is also not a valid special defense. The second special defense makes allegations concerning legal fees the defendants paid as part of the New York real estate transaction. This special defense also fails to attack the making, validity or enforcement of the note or mortgage in the present action. Furthermore, the purpose of a special defense is to plead facts which are consistent with the allegations of the complaint but show, notwithstanding, that the plaintiff has no cause of action. Commissioner of Environmental Protection v.National Can Corporation, 1 CONN. L. RPTR. 272,5 CSCR 173 (1990) (Corrigan, J.); Practice Book Sec. 164. The defendants' special defense does not show that the plaintiff has no cause of action. The plaintiff s motion to strike the second special defense, therefore, should be granted. CT Page 950
The allegations of the defendants' counterclaim are identical to those contained in the first special defense, though it further alleges that the plaintiff's actions amount to a violation of CUTPA. The counterclaim also should be stricken because it fails to attack the making, enforcement or validity of the note or mortgages.
For these reasons, the plaintiff's motion to strike the defendants' special defenses and counterclaim is granted.