[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On or about January 12, 1995, the plaintiff, Robert K. Lyon, filed a one count complaint in which he sought to foreclosure on a defaulted mortgage note. In his complaint, the plaintiff alleges the following: On April 22, 1987, the defendant, Eugene Sammartino, mortgaged a land parcel, designated as 247 Hebron Road, to Stanley Gasper (Gasper) in exchange for a loan of $136,000. The loan was evidenced by a promissory note executed between Sammartino and Gasper. On September 22, 1992, Eugene Sammartino conveyed the subject premises to the defendant, Christine Sammartino. The note has been in default since July 15, 1989. On December 22, 1994, Gasper assigned the mortgage and CT Page 5313 underlying note to the plaintiff.
On January 27, 1995, the defendants filed an answer and four special defenses to the plaintiff's action. The first special defense contends that Gasper lived at the subject premises and never paid use and occupancy payments to the said defendant Christine Sammartino. The second special defense asserts that Gasper did not obtain fire insurance for the dwelling on the premises despite repeated assurances that he would. It further asserts that a fire substantially destroyed the subject dwelling. The third special defense contends Gasper's negligence caused the fire. The fourth special defense is that, on January 16, 1994, the plaintiff and the defendant, Christine Sammartino, entered into a sale and purchase agreement concerning the subject property. At this time, the plaintiff knew of the dispute between the defendant and Gasper as to the amount due under the note and mortgage. Defendants further argue that the plaintiff took the assignment of the note and mortgage to avoid the terms of the purchase/sale agreement. Thus, the defendant alleges, that by obtaining assignment of the note and mortgage and instituting this foreclosure action, the plaintiff did not act in good faith. On January 27, 1995, the plaintiff filed a motion to strike the five special defenses. In his supporting memorandum of law, the plaintiff argues that: (1) the defendant's special defenses are not valid defenses in a foreclosure action and (2) the first special defense regarding the failure of the original mortgagee to pay rent to the defendant does not allege a legally sufficient cause of action.
The purpose of a motion to strike "is to test the legal sufficiency of the pleadings." Ferryman v. City of Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). "A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action." Passiniv. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 442 (Super Ct. 1983). "In reviewing the legal sufficiency of the plaintiff's complaint, [the court] assume[s] the truth of the facts alleged and construe[s] them in the light most favorable to sustaining the sufficiency of the complaint." Bouchard v. People's Bank,219 Conn. 465, 467, 594 A.2d 1 (1991). "In ruling on a motion to strike, the trial court in limited to considering the grounds specified in the motion." Meredith v. Police Commission of NewCanaan, 182 Conn. 138, 141, 438 A.2d 27 (1980).
The plaintiff argues that the special defenses are not CT Page 5314 cognizable in a foreclosure action because they do not attack the making, enforcement, or validity of the note or mortgage. The plaintiff also argues that the first special defense is legally insufficient.
Under common law principles, defenses in a foreclosure action are generally limited to payment, discharge, release, satisfaction or invalidity. Connecticut Savings Bank v. Reilly,12 Conn. Sup. 327 (1944). The Connecticut Supreme Court, however, has stated that "[b]ecause a mortgage foreclosure action is an equitable proceeding, the trial court may consider all relevant circumstances to ensure that complete justice is done.Reynolds v. Ramos, 188 Conn. 316, 320 (1982); Hartford FederalSavings and Loan Assn. v. Tucker, 196 Conn. 172, 175 (1985). These equitable defenses have been limited to those that attack the making, enforcement or validity of a note or mortgage. TheBank of Darien v. Wake Robin Inn Inc., 13 Conn. L. Rptr. 344
(March 13, 1995, Walsh, J.). In the present case, during oral argument, the parties stipulated that the plaintiff was not a holder in due course.[1] Pursuant to "C.G.S. § 42a-3-305 (a)(2), the enforcement of the instrument by any taker other than a holder in due course would preserve for the obligor on the instrument any "`defense . . . that would be available if the person entitled to enforce the instrument were enforcing a right to payment under a simple contract.'" Connecticut Light andPower Co. v. DaSilva, 231 Conn. 441, 451 (1994). Under general contract principles, set-off claims are permissible defenses. See Argentinis v. Gould, 219 Conn. 151, 157-58 (1991). Thus, since a set-off claim is an allowable defense to a claim for damages in a contract action, it is an allowable claim against the enforcement of the note, and, of course the note is the underlying obligation of the mortgage. The special defenses herein are in the nature of set-off. Accordingly, the motion to strike cannot be sustained on the ground that the special defenses are not valid in a foreclosure action. The motion to strike the Second, Third and Fourth special defenses is denied.[2]
The plaintiff also argues that the first special defense is legally insufficient. In their first special defense, the defendants allege that the plaintiff lived at the subject premises without paying for use and occupancy. The law of set-off is governed by C.G.S. § 52-139, which states in relevant part:
"(a) In any action brought for the recovery of a debt, if there CT Page 5315 are mutual debts between the plaintiff or plaintiffs, or any of them, and the defendant or defendants, or any of them, one debt may be set off against the other." "A condition precedent to the application of § 52-139 is that the defendant's claim arise from a debt due by the plaintiff." Petti v. Balance Rock Associates,12 Conn. App. 353, 363 (1987). "A debt is defined as an unconditional and legally enforceable obligation for the payment of money." Petti v. Balance Rock Associates, 12 Conn. App. 353
(1987). (Emphasis added.) In the present case, the defendants did not affirmatively allege the existence of any debt, i.e., obligation, due and owing them from the plaintiff. Accordingly, the first special defense is legally insufficient, and the motion to strike the first special defense is granted.
Rittenband, J.