[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On or about September 29, 1993, the plaintiff, Federal Deposit Insurance Corporation ("FDIC"), filed a one count complaint in which it sought to foreclose on a defaulted mortgage. In its complaint, the plaintiff alleges the following: On March 9, 1990, the defendant, Robert H. Weinstein, mortgaged a land parcel, designated as 151 Talcottville Road, Vernon Connecticut to First Central Bank in exchange for a loan of two hundred and fifty thousand dollars ($250,000). The loan was evidenced by a promissory note executed between Weinstein and First Central Bank. The note and mortgage are now owned by the FDIC as the duly appointed receiver of First Central Bank. On or about April 8, 1993, the FDIC made a written demand for payment of the note upon Robert H. Weinstein. Weinstein did not make payment and thus the mortgage note and deed are in default.
On or about November 9, 1993, the plaintiff moved for an appointment of receiver of rents for the subject property. On November 22, 1993, the court granted the plaintiff's motion. On or about August 18, 1994, the defendant filed four amended special defenses to the foreclosure action as are hereinafter described. On or about April 3, 1995, the plaintiff filed a motion to strike the four special defenses. The motion was accompanied by a supporting memorandum. On or about July 17, 1995, the defendant filed a memorandum in opposition to the motion to strike. On or about July 26, 1995, the plaintiff filed a reply memorandum to the defendant's objection to the motion to strike. On August 7, 1995, the court heard oral argument on the matter.
The purpose of a motion to strike "is to test the legal sufficiency of the pleadings." Ferryman v. City of Groton,212 Conn. 138, 142 (1989). A motion to strike is also proper to challenge the legal sufficiency of any answer or party thereof, including any special defenses. See Practice Book § 152(5); see also Meredith v. Police Commission of New Canaan, 182 Conn. 138,141 (1980). "In reviewing the legal sufficiency of the plaintiff's complaint, [the court] assume [s] the truth of the facts alleged and construe [s] them in the light most favorable to sustaining the sufficiency of the complaint." Bouchard v.CT Page 8765People's Bank, 219 Conn. 465, 467 (1991). A motion to strike "admits all facts well-pleaded; [but] it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985).
A. Defenses Available in a Foreclosure Action
In a foreclosure action, available defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien. Petterson v. Weinstock, 106 Conn. 436, 441
(1927); Connecticut Savings Bank v. Reilly, 12 Conn. Sup. 327-28 (Super Ct. 1944). Many courts, however, "have recognized allegations of mistake, accident, fraud, equitable estoppel, CUTPA, breach of the implied covenant of good faith and fair dealing, laches and the refusal to agree to a favorable sale to a third party as a valid defense to a foreclosure action." The Bankof Darien v. Wake Robin Inn, Inc., 13 Conn. L. Rptr. 344, 345 (January 17, 1995, Walsh, J.), quoting, National Mortgage Co. v.McMahon, 9 CSCR 300 (1994, Celotto, J.) The rationale for these decisions is based on the premise that since foreclosure is an equitable action, the court should consider all relevant circumstances to ensure that justice is done. The courts, however, "have limited these equitable defenses to only those which attack the making, enforcement, or validity of the note or mortgage." The Bank of Darien v. Wake Robin Inn, Inc., supra,13 Conn. L. Rptr. 345. The rationale for this limitation is that "counterclaims and special defense which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." Id., quoting National Mortgage Co. v.McMahon, supra, 9 CSCR 300.
B. Defenses Available in a Foreclosure Action When FDICInvolved
As a threshold issue, the court notes that when the FDIC takes possession of a note in its capacity as a receiver of a bank it is a holder in due course. Campbell Leasing Inc. v. FDIC,901 F.2d 1244 (5th Cir. 1990); FDIC v. Wood, 758 F.2d 156, (6th Cir. 1985). Accordingly, the maker of the note cannot assert various "personal" defenses, such as failure of consideration and usury, against the FDIC. Instead, the defendant must raise a "real" defense, e.g., duress, lack of legal capacity or CT Page 8766 illegality. C.G.S. § 42a-3-305(b).
C. The Defendant's Special Defenses in the Present Action
The defendant sets forth four special defenses to the present foreclosure action. First, the defendant argues that the FDIC prevented the defendant from exercising dominion and control over the subject property. This resulted in a decrease in the property's value and ultimately an increase in the defendant's debt. Second, the defendant asserts that the FDIC "improperly managed and controlled the property", which led to a decrease in the property's value and ultimately an increase the defendant's debt. Third, the defendant contends that the FDIC breached its implied covenant of good faith and fair dealing "by exercising dominion and control over the property, fail[ing] to maintain the value of the property, fail[ing] to maintain insurance on the property, and thereby, inequitably and unenforceably increased the debt claimed by the FDIC." Lastly the defendant argues that the FDIC violated the Connecticut Unfair Trade Practice Act ("CUTPA") "by actively seeking control of the defendant's property being foreclosed and after gaining control of said property failing to properly manage the property, thereby inequitably and unenforceably increasing the debt claimed by the FDIC." In short, the four special defenses are all on the basis of the plaintiff's rights under the mortgage deed to take possession of the property and then obtain a court appointed receiver of rents.
Special Defense #1 and 2
The defendant's first and second special defenses focus on the FDIC's conduct when it exercised its rights under the mortgage to collect the rents for the mortgaged premises. More specifically, in his memorandum in opposition to the motion to strike, the defendant contends that "[p]ursuant to a Motion for Appointment of Rents dated November 7, 1993, which was granted by the court on November 22, 1993[1], the plaintiff took control of the property. Thereafter, the plaintiff through its receiver, allowed the insurance to lapse on the property. Other fees and cost arising from the property went unpaid. Furthermore, the plaintiff failed to collect rent from existing tenants and/or secure new tenants in violation of the Order Appointing Receiver dated November 22, 1993." (Emphasis added.) The defendant, however, does not cite to any authority for his claim that the actions of a court appointed rent receiver can form the basis of CT Page 8767 a valid defense to a foreclosure action. "The object of appointing receivers is to secure the property in dispute from waste of loss." Hartford Federal Savings Loan Assn. v. Tucker,196 Conn. 172 (1985). "The receiver is an officer of the court appointed on behalf of all who may establish an interest in the property. . . . [he or she] holds the property as an arm of the court and his possession is not that of the mortgagee." Id. The mortgagee has no duty to step in and protect a mortgage when a receivership is ordered. Id., 183. Thus, based on these principles, the defendant does not have a valid claim against the FDIC.
In addition, the first and second special defenses are based on FDIC's actions after the defendant defaulted on the mortgage note, but before the appointment of a receiver of rents. Thus, the actions of the FDIC are separate and distinct from the transaction that is subject to this foreclosure action. Therefore, because they do not attack the validity or enforcement of the note they should be stricken. See FDIC v. 272 Post RoadAssociates, NO. 5:91:CV433, slip op. at 5-6 (D. Conn. March 11, 1994) (Recommended Ruling)[2]. Moreover, several federal courts have held that a defense based on FDIC's post-receivership conduct concerning a failed bank's assets are improper because the FDIC owes no duty to a debtor for its post-receivership conduct.[3] See e.g., FDIC v. Kelepecz, No. 93CV542, slip. op. at 12 (D.Conn. March 12, 1994) and cases cited within; FDIC v.Lowe, 809 F. Sup. 856, 859 (D.Utah 1992) and cases cited within. For these reasons, the defendant's first and second special defenses are stricken.
Special Defense #3 — Breach of Implied Duty of Good Faith andFair Dealing
"Although a breach of implied duty of good faith and fair dealing has been recognized as a valid special defense under the guise of equitable principles . . . a defendant must plead sufficient facts to justify its application." Shawmut Bank v.Carriage Hill Estates, Inc., Superior Court, judicial district of Waterbury, Docket No. 116593 (June 10, 1994, West, J.). While the equitable special defense of breach of the covenant of good faith and fair dealing has been recognized in foreclosure actions, allegations of failing to exercise good faith and fair dealing after default on the note does not address the making, validity and enforcement of the note and is legally insufficient.Provident Financial Service v. Berkman, 135310, judicial district CT Page 8768 of Stamford/Norwalk at Stamford (February 17. 1995, D'Andrea, J.); see also Citibank v. McCure, Docket No. 137933, judicial district of Stamford/Norwalk at Stamford (March 28, 1995, Lewis, J.) Bank of Calabrese, supra, Centerbank v. Motor Inc.Associates, 9 Conn. L. Rptr. 505, 506 (August 2, 1993, Thompson, J.). In the present case, the defendant's allegations concern conduct the FDIC undertook after the defendant defaulted. Therefore, these allegations are not legally sufficient to constitute a special defense. Accordingly, the motion to strike the third special defense is granted.
Special Defense #4
CUTPA specifically exempts "[t]ransactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the state or of the United States." Thus, under the plain language of the statute, the FDIC is exempted. The Connecticut Supreme Court has interpreted this provision as exempting a municipal housing authority from CUTPA. Connelly v. Housing Authority of the Cityof New Haven, 213 Conn. 354 (1990). Moreover, in MetropolitanDistrict Comm. v. Miller, 6 CSCR 919 (September 25, 1991) the Superior Court found that CUTPA does not apply to public agencies. See Aldin Associates Ltd. Partnership v. RecollManagement Corp., No. 94CV1965 (AVC) (Recommended Ruling) (holding that CUTPA does not apply to the FDIC when it is acting to liquidate assets.)
Finally, to claim a violation of CUTPA, the defendant must allege and prove that the plaintiff's acts were immoral, malicious, wanton, etc., an allegation of mere negligence is not sufficient. Williams Ford v. Hartford Courant, 232 Conn. 559,591-92 (1995). In the present case, the defendant does not allege immoral, malicious or wanton conduct or could he under the facts of this case. Further, as stated above the FDIC is a regulatory public agency. For these reasons, the motion to strike the fourth special defense is granted.
Rittenband, J.